B. F. SUTTON *v.* THOMAS L. OWEN and DAVID M. CARTER.

A bond to pay money, and also to clothe a slave is not negotiable, and before the adoption of the C. C. P. would not be sued on in the name of the assignee.

The assignor of a note not negotiable is liable only as guarantor, and as such is entitled to notice of the default of the principal debtor.

The case of *Knight* v. *Wilmington & Manchester R. R. Co.*, 1 Jones, Rep. 357, cited and approved.

This was an action of debt commenced before the adoption of the C. C. P., and brought by the plaintiff as endorsee of the following instrument of writing :

$140.     On the first day of January, 1862, I promise to pay David M. Carter or order one hundred and forty dollars for the hire of his negro Jim, for the year 1861, and to furnish said negro with good and sufficient clothing.

(Signed and sealed.)     FRANCIS L. OWEN, (Seal.)

WASHINGTON, March 12th, 1861.

On the back of this note is the following endorsement :

I guarantee the payment of the within note to Junius D. LaRoque or bearer.

June 13th, 1861.          D. M. CARTER.

The defendant Carter plead specially, 1st. That he is a guarantor, and not an endorser.     2nd. That the bond declared on is not negotiable.

At the trial at the last Superior Court for the County of LENOIR, before his Honor, *Clarke, J.*, the plaintiff obtained a judgment against the defendants, from which Carter appealed.

*Faircloth,* for the defendants.

No Counsel, for the plaintiff.

READE, J.   This suit was instituted before the C. C. P., and is governed by the law then existing.   C. C. P., sec. 4.

The objection that the bond sued on is not negotiable (being for the payment of money and to do something else) and therefore did not authorize the plaintiff to sue in his own name, is well taken. *Knight* v. *Wilmington & Manchester Railroad Co.*, 1 Jones, R. 357.

Under the C. C. P., sec. 55, the "real party in interest may sue."

The fact being that the bond is not negotiable under the Rev. Code, ch. 13, sec. 1, the endorsement of the obligee, Carter, did not make him liable as *surety*, but he is liable only as guarantor and in that capacity he was entitled to notice of the default of the principal debtor.

There is error. Judgment reversed and judgment here for defendant Carter.

PER CURIAM.                    Judgment reversed.