JONATHAN A. SCOVILLE et al., Respondents, *v.* HORACE LANDON, impleaded, etc., Appellant.

An appeal does not lie to this court from an order granting or refusing a new trial on the ground of newly discovered evidence. (*Tracy* v. *Altmayer*, 46 N. Y., 598, distinguished.)

One who has the possession of a negotiable promissory note, with all the evidence of ownership by the act and consent of the owner, may deal with the maker in respect to it, and the owner will be bound by the acts and agreements of the possessor and apparent owner.

Possession by the executor of the payee of a note, payable to the order of the testator and not indorsed, is evidence of ownership.

An extension of the time of payment by a valid agreement between the holder and maker of a promissory note, without the consent of an indorser who has indorsed the note as the surety and for the accommodation of the maker, will discharge the surety.

(Argued December 9, 1872; decided December 17, 1872.)

APPEAL from order of the General Term of the Supreme Court in the eighth judicial district, affirming an order denying a motion for a new trial made on the ground of newly discovered evidence; also appeal from judgment affirming judgment in favor of plaintiffs entered upon a verdict.

The action was brought upon a promissory note made by George Bunce, payable to Samuel C. Scoville or order. The note was indorsed by defendants for the accommodation of Bunce before delivery to the payee, and the ground of defence was that time of payment had been extended without the consent of defendants. Scoville died, and plaintiffs, together with Samuel C. Scoville, son of the deceased, were his executors. Evidence was given, on the part of defendants, showing that at the time the note became due the note was in the hands of the executor, Samuel C. Scoville, unindorsed. The latter made a valid agreement with the maker to extend the time of payment for one year. Plaintiffs claimed title to the note under an alleged contract with their father, made three days prior to his death. The court charged the jury that if they found that plaintiffs owned the note, there was no evidence upon which they were authorized to find that there was an extension of the time of payment of the note.

*Held*, that the order was not appealable; the court citing *Lawrence* v. *Ely* (38 N. Y., 42); *Bedell* v. *Chase* (34 id., 386); *Selden* v. *D. and H. Canal Co.* (29 id., 634), and stating that in *Tracy* v. *Altmayer* (46 N. Y., 598) the doctrine is recognized that the order, when motion is heard upon the merits, is not appealable. But in that case the order was reversed because the court below erred in refusing to .entertain jurisdiction of the motion. Also *held*, as stated above.

*E. B. Vedder* for the appellant.

*John Ganson* for the respondents.

ALLEN, J., read opinion for dismissal of appeal from order and for reversal of judgment and granting new trial.

All concur for dismissal of appeal from order, and all concur for reversal, except GROVER, J., who dissents upon the ground that it did not sufficiently appear by the evidence that the executor, by whom it .is claimed the agreement was made to extend time of .payment, had it in his possession at the time, or that the maker, in making the agreement, relied upon such possession or evidence of ownership.

Appeal from order dismissed, and judgment reversed and new trial granted.