WILEY E. JOHNSON v. WILLIAM F. HENDERSON.

*Contract — Negotiable Instrument — Certificate of Deposit.*

1. A certificate of deposit, when expressed in negotiable words, is negotiable and subject to the same rules that control other negotiable paper.

2. To constitute a negotiable instrument, the promise must be to pay *in money*; *Therefore,* where a certificate of deposit given to A and payable "in current funds," came to B. by several endorsements; *Held,* in an action by B against an intermediate endorser, that B was not entitled to recover.

3. In such case B stands in the shoes of A, and his only remedy is against the person who issued the certificate.

CIVIL ACTION tried at Fall Term, 1876, of DAVIDSON Superior Court, before *Cloud, J.*

The action was brought on a Certificate of Deposit, the material part of which is as follows : "This is to certify that John F. Shoup has deposited in the Greensboro Mutual Life Insurance and Trust Company three hundred and fifty dollars which will be paid to him on ten days notice with interest, &c. in current funds on the return of this certificate." Dated at Greensboro, Dec. 17, 1861. Upon this certificate there were sundry endorsements as stated in the opinion of this Court.

His Honor was of opinion that the plaintiff could not re-over and directed a non-suit, from which judgment the plaintiff appealed.

*Mr. W. H. Bailey*, for plaintiff.
*Mr. J. M. McCorkle*, for defendant.

BYNUM, J.   This is an action brought upon a certificate of deposit, given by the Greensboro Mutual Life Insurance and 'Trust Company to one Shoup in 1861, which was by him en-dorsed to the defendant, and by the defendant to Douthit & Company, and by them was endorsed to the plaintiff.  It certifies that Shoup had deposited with the Company three hundred and fifty dollars to be paid to him on ten days no-tice, "*in current funds*," on the return of the certificate.

It seems to be settled now, after many conflicting decis-ions, that certificates of deposit are negotiable, *when express-ed in negotiable words*, and that the transfer of them is gov-erned by the same rules which control other promissory notes, and that the liability of the endorser is the same as upon the endorsement of any other promissory note.  But in order to make a certificate of deposit negotiable, it must have the same certainty as to parties, time and mode of pay-ment, as bills and notes ; and the same causes which would make bills and notes unnegotiable, will make a certificate of deposit unnegotiable.  2 Daniel on Negotiable Instruments, 604–6.

. To constitute a bill of exchange or promissory note nego-tiable the promise must be to pay *in money*.  And unless the instrument on its face affords every element to fix its value such a paper is only a special contract and not a negotiable bill or note.  Accordingly it has been held in this State that where the instrument was a "promise to pay W. W. L. or order the sum of $1.400, in *bank stock* or lawful money of the United States," it was not negotiable, so as to enable the as-

signee to sue in his own name. *Alexander* v. *Oaks*, 2 D. & B. 513. The decision is put upon the ground that the promise was not to pay money absolutely, and bank stock was not regarded as cash. So a promise to pay *"in current notes of the State of North Carolina,"* is insufficient to make the instrument negotiable. *Warren* v. *Brown*, 64 N. C. 381. So a bond to pay money *and* clothe a hired slave is not negotiable. *Sutton* v. *Carter*, 65 N. C. 123; *Knight* v. *Wil. & Man. R. R. Co.* 1 Jones, 357.

It is held in our sister States that notes payable in "current bank bills," in "office bank notes," in "current bank notes," in 'current funds," are not negotiable. *Mc Cormick* v. *T, otter*, 10 Sergt. & R. 94; *Wharton* v. *Morris*, 1 Dallas, 124; *Simpson* v. *Meneden*, 3 Cold. 429; *Little* v. *Phœnix Bank*, 2 Hill, 425; *Cornwell* v. *Pumphrey*, 9 Ind. 135; there are many decisions contradictory to these cited, but the weight of authority and the most approved writers on commercial law, sustain the decisions of this Court that the note should express simply that it is payable in *dollars* which have a certain and well fixed signification in law. 1 Dan'l. on Negotiable Instruments, 44–6, where the authorities on both sides are collected.

Had the certificate of deposit been made payable in "legal tender notes," it would probably be held to be negotiable, since Congress has declared and the Supreme Court of the United States held that Treasury notes shall be a legal tender in discharge of debts. But since that law and decision it has been held that a note payable in "currency," which is precisely our case, does not mean legal tender currency and is not negotiable. *Huse* v. *Hamblin*, 29 Iowa; 1 Daniel, 44.

The certificate of deposit therefore not being negotiable the endorsement of the defendant could communicate no title to his endorsee. Even if the position of the counsel of the plaintiff is conceded, to-wit; that the endorsement of the defendant on an unnegotiable instrument made him a guar-

antor, it cannot be pretended that the guaranty is *negotiable* when the certificate of deposit *is not*. The guaranty therefore could extend only to Douthit & Company and not to *their* endorsee, the plaintiff. There is high authority, it is true, that the endorsement of a non-negotiable note should be considered as a guaranty as otherwise it is meaningless. 2 Daniel Nego. Inst. 652–6. But it is unnecessary to consider the question here as for the reasons already given its benefits cannot extend to the plaintiff who is the assignee of the defendant's assignee.

The plaintiff the ultimate holder of the certificate stands in the shoes of Shoup the first holder and his only remedy is against the corporation which issued the certificate of deposit.

The view we have taken of the case renders it unnecessary to consider the other points raised and argued as to notice, demand and the statute of limitations.

There is no error.

· PER CURIAM.                    Judgment affirmed.