Cantwell Eagle Brewing Co. v. Paul R. G. Horst et al.

1. PRESUMPTIONS – *Not Retroactive.* — Conditions as to ownership, indebtedness, etc., are presumed to continue, but there is no presumption of law that things in the past were in the same condition they are at the present; the presumption runs forward, but does not reach backward.

Assumpsit, for goods sold, etc. Appeal from the Superior Court of Cook County; the Hon. ARTHUR CHETLAIN, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 12, 1895.

STATEMENT OF THE CASE.

Appellees sued on the following agreement:

"August 17, 1894.

Sold to Cantwell Eagle Brewing Company 15 bales hops equal to sample 424 at 11 cents per lb. (Tare 5 lbs.) Delivered ex warehouse, Chicago. To be shipped or delivered 5 bales August and 10 bales September. Sale severable as to each bale. Terms: Net cash 30 days after arrival.

CANTWELL EAGLE BREWING Co."

Appellant took five of these bales, and alleging that they were inferior in quality and not equal to sample, refused to take the other ten bales.

The only question involved was, were the hops in ques tion equal to sample 424? A portion of the sample was introduced in evidence by appellant. Appellee gave evidence tending to prove the hops were equal to sample. Appellant gave evidence tending to prove the hops were not equal to sample. Appellant then called a hop expert, to prove that the hops were not equal to sample. The examination made by the expert of the ten bales of hops rejected by appellant was made early in April, 1895. The court refused to let the witness testify as to the condition of the hops in April, 1895, on the ground that the condition of the hops in April was not material, the hops having been rejected in September, 1894. The expert was then asked this question: " Would

hops similar to this sample change materially from September, 1894, to the present time?" Answer: "No, sir; they don't change." Thereupon the court refused to permit the witness to testify as to the condition of the hops at the time of his examination early in April, 1895. To this ruling exception was then and there taken, and that is the only thing complained of.

EDWARD J. WALSH, attorney for appellant.

WALKER & DAVIS, attorneys for appellees, contended that the appellant can not rely, in this case, upon the presumption that a condition of things once shown to exist will be presumed to continue until the contrary is shown, in order to render the testimony in question competent. To attain that result, he must rely upon a retrospective presumption, to wit, that a condition of things once shown to exist, will be presumed to have existed before that time until the contrary is shown. Such a presumption, it has been held, can not be indulged in law, and it is not supported either by reason or authority. Lawson on Presumptive Evidence, Rule 37, page 190; Erskine v. Davis, 25 Ill. 228; Bareli v. Lytle, 4 La. Ann. 25, 557; Taylor v. Crestwell, 45 Md. 422; Murdock v. The State, 68 Ala. 567.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Conditions as to ownership, indebtedness, etc., shown to have once existed, are presumed to continue (Lawson on Presumptive Evidence, 166, 167), but there is no presumption of law that things are at the present in the condition they were in the past; the presumption runs forward, but does not reach backward.

As a matter of experience, it is known that articles of food, if once in a bad condition, seldom, by the operations of nature alone, change to a good condition. Evidence that sausages are in a good condition at a certain time, tends to prove that a few weeks previous they were not spoiled; that

is the extent of the holding in Leutgert v. Volkes, 153 Ill. 385.

In the case at bar it had not been shown that the hops had been kept in a suitable warehouse, or in a manner that would have prevented a change in their condition; nor did it appear with certainty that the hops in Mr. Newberry's warehouse, shown to the witness by the party in charge, were the hops in question.

The witness was not asked if the Newberry warehouse was a suitable one; nor did it appear that he was an expert as to what is the proper way to keep hops so that they will not spoil in six months of storage.

The judgment of the Superior Court is affirmed.