Joseph Rengel, Administrator, Appellant, v. Franziska K. Schoden, and Peter Schoden, Appellees.

## Gen. No. 17,116.

1. EVIDENCE—*where possession is prima facie evidence of ownership.* In replevin by an administrator against the daughter and son-in-law of deceased to recover possession of a note and trust deed in security thereof, in the absence of other evidence the proof of possession and claim of ownership make a *prima facie* case showing right of possession against the administrator.

2. EVIDENCE—*presumptions.* When possession and ownership are shown to exist, they are presumed to continue, but are not presumed to have existed back of the time they were proved to have existed.

3. WILLS—*note to broker not in conformity with Statute of Wills.* An instrument signed by deceased directing a broker to transfer certain securities to his daughter and in case of his death to pay her the principal is not in conformity with the statute relating to wills and of no effect to pass title.

4. GIFTS—*delivery.* In order to establish a gift *inter vivos* it must be shown that there was a delivery of the property in the lifetime of the deceased with intent to vest title in the donee.

5. EVIDENCE—*presumption of ownership.* A *prima facie* case of ownership may be rebutted by the circumstances attending the possession.

Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed March 12, 1913.

COLSON & JOHNSON and L. J. PIERSON, for appellant.

GEORGE F. BARRETT, for appellee; MICHAEL E. HUNT, of counsel.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

Joseph Rengel, as administrator of the estate of John Joseph Rengel, deceased, began this suit of replevin against Franziska K. Schoden and Peter Schoden on March 29, 1910, for the recovery of the possession of certain promissory notes and a trust deed. On the hearing the trial court, without a jury, entered judgment against the administrator and awarded the writ of *retorno habendo* for the return of the property replevined. The administrator has appealed.

The facts are that on October 25, 1906, John Joseph Rengel, appellant's intestate, purchased from William F. Lubeke, a dealer in real estate securities, the principal note of Ira C. Saxe for $1,600, payable to order of himself, Saxe, five years after date and by him endorsed in blank, with coupons for the interest to become due on said principal note attached thereto, all secured by trust deed to said Lubeke, and all dated November 20, 1903. John Joseph Rengel paid for said notes to Mr. Lubeke $1,652.27, and the notes and trust deed were then delivered to him in the presence of Peter Schoden, his son-in-law, who went with Mr. Rengel to Lubeke's office. When the principal note matured on November 20, 1908, Mr. Rengel again went in person with his said son-in-law to Lubeke's and delivered the securities there for an extension for another five years, and after the extension of the principal note with additional coupons for interest attached and signed by Anna Klucznik, all the notes and the trust deed were again delivered to Mr. Rengel in person by the broker. The interest notes, as they matured, were collected by Mr. Lubeke, and all the cou-

pons that matured in Rengel's lifetime were paid to him in person by Lubeke, except the last two, which were carried to the broker's by Peter Schoden, and the amounts due thereon were paid to him in cash. John Joseph Rengel resided with his daughter and son-in-law, Franziska K. and Peter Schoden, appellees, and was residing with them at the time of his death, December 18, 1909. He left surviving him eight children, including his daughter Franziska K. Schoden. Demand for the possession of said securities was made by the said administrator upon Franziska K. Schoden and Peter Schoden March 26, 1910, and she refused to give them up, saying, "My father had that mortgage and he gave it to me as a present, and I don't propose to give it to you." Some time in September, 1909, Peter Schoden delivered to the broker, Lubeke, the following instrument from Mr. Rengel:

"GROSS POINT, Sept. 17th, 1909.

MR. WILLIAM F. LUBEKE.

Dear Sir:

I wish to advise you to change the mortgage of Sax and Klucznik which amounts to 1,600 Dollars from my name to Franziska K. Schoden and in case of my dead the hole amount is to be paid out in full to said Franziska K. Schoden.

Yours truly,

J. J. RENGEL."

It was admitted on the trial that the notes and trust deed were obtained from appellees by the sheriff by virtue of the writ, March 31, 1910, and that the sheriff delivered them to appellant, April 1, 1910.

The court refused to hold as a matter of law that possession by appellees of the notes and trust deed in question at the time of the demand and at the beginning of this suit is not *prima facie* evidence of their possession thereof, prior to and at the time of the death of John Joseph Rengel. The court also refused to hold as the law that the possession and collection by Peter Schoden of the last two coupon notes

of said series, collected in the lifetime of John Joseph Rengel, is not *prima facie* evidence of the possession and ownership by appellees of the remainder of said notes and trust deed at and prior to Mr. Rengel's death. The action of the court in the above named particulars is assigned as error. The real questions for decision in this case are, was possession of the securities in question by appellees with claim of ownership by Mrs. Schoden on the day demand was made upon them by appellant and the possession thereof at the beginning of the suit by appellees, evidence tending to prove ownership by them or either of them, and if so, was it sufficient evidence to balance or outweigh the evidence of title and right of possession of the securities in question offered in this case. on behalf of appellant? "The mere possession of a negotiable instrument, produced in evidence by the indorsee, or by the assignee where no indorsement is necessary, imports *prima facie* that he acquired it *bona fide* for full value, in the usual course of business, before maturity and without notice of any circumstances impeaching its validity; and that he is the owner thereof, entitled to recover the full amount against all prior parties." The presumption of bona fide ownership applies to holders of notes indorsed in blank. 1 Daniel on Negotiable Instruments, sec. 813.

Possession of a note by the personal representative of the deceased payee, payable to the decedent, and unendorsed, is evidence of ownership. Scoville v. Landon, 50 N. Y. 686.

Suing upon a promissory note and producing it at the trial by the heirs of a deceased payee, joined with the husbands of the daughters of the deceased payee, the note being unendorsed, was held to be *prima facie* evidence of the plaintiffs' ownership of the note, as against the makers thereof. King v. Gottschalk, 21 Iowa 512.

It was held by the Court of Appeals of Kentucky,

that, as against the administrator of a deceased payee of a note not endorsed by the payee, that the mere possession of the note by the claimant as an owner for value, as endorsee of the intestate payee's niece, would not defeat the administrator's title thereto when the pleadings and the proof showed that the note was executed and delivered to the administrator's intestate, and that his original title and possession were unquestioned. That the party admitted to be the original owner is not required to show, in addition to the title and possession in himself, that he was unlawfully deprived of his possession by the act of the claimant or his assignee, but that the explanation as to how the claimant derived his title, and possession should come from him. Gano v. McCarthy's Adm'r, 79 Ky. 409. The court in that case recognized the rule that the possession of personal property is *prima facie* evidence of ownership, but held that the claimant's proof or *prima facie* case was overcome.

In the case of Martin v. Martin, 174 Ill. 371, it was held that the possession of unendorsed notes with claim of ownership is *prima facie* evidence of ownership in the holder, and that proof that the consideration for the notes was money loaned by the payee to the makers, that the notes were delivered to the payee in his lifetime and payable to himself or order, and not by him endorsed before his death, did not overcome such *prima facie* case. The evidence in that case, however, showed that the claimant came into possession of the notes there in question during the lifetime of the payee, and that the possession thereof was delivered to her by the payee, and that she continued in the possession thereof up to the time of the trial, at all times claiming to be the owner thereof and that they were given to her by the payee as her property. The evidence also established her claim that the payee did make a gift of the notes to her.

In the case in hand the evidence for appellees simply shows that they were in possession of the notes

and trust deed on the day of the appellant's demand upon them for the securities and at the beginning of the suit, and that Mrs. Schoden claimed to be the owner thereof by gift from the administrator's intestate. Their possession of the securities at and before Rengel's death and for several months thereafter was not proved. The possession and ownership of the securities by Rengel prior to and within about ninety days of his death was well proved, and that he died at the residence of appellees. Whatever of valuables Rengel possessed or owned at his death, such as notes and mortgages, he would be expected to have with him at his place of abode, and particularly these securities, if he owned them, as he had carried them away with him when he purchased them and when he had them renewed. As the coupons matured, they were either taken to the broker and cashed by Mr. Rengel or by Peter Schoden who first accompanied him to the broker's. About ninety days prior to Mr. Rengel's death, and after the collection of one of the two coupons collected by Peter Schoden, he, Schoden, carried to the broker the said written instrument signed by Mr. Rengel, stating, in substance, that he intended for his daughter, Franziska K. Schoden, to have the notes after his death. These facts tend to prove that in the collection of interest Schoden acted as agent of Rengel and that Rengel on the date he signed that instrument, and at the time of its delivery to the broker, possessed and owned the notes, and that he still owned them at his death. The presumption of law is that they continued in his possession and his property up until his death, in the absence of proof showing to the contrary. After his death the manual possession of the securities would necessarily fall to some other person, and under the evidence thus far the natural conclusion would be that they fell into the possession of appellees at and after Mr. Rengel's death, and that Mrs. Schoden would probably claim

to own them by reason of the said instrument signed by Mr. Rengel, expressing his desire that she have them after his death.   Thus far the evidence shows complete title to the securities in appellant, with the bare possession of the same in appellees, and which possession they obtained, not from the deceased in his lifetime, but after death, and simply because he died at their residence leaving the securities at his and their habitation.   Appellees' only title so far proved is by virtue of the signed instrument by Mr. Rengel, testamentary in character, and of no effect to pass title to appellees, because not in conformity with the statute relating to wills.   Comer v. Comer, 120 Ill. 420.   The evidence thus far also fails to establish a gift *inter vivos,* because none was perfected by delivery of the securities in the lifetime of Mr. Rengel with the intent to vest the title in appellees or either of them.   Telford v. Patton, 144 Ill. 611; Fanning v. Russell, 94 Ill. 386; Chambers v. McCreery, 45 C. C. A. 322.

What further evidence is there in the record of the right of appellees to the possession of the securities? Appellees introduced no evidence whatever, except the admissions above recited that the sheriff, when he served the writ, found them in the possession of appellees and delivered them to appellant, and which is verified by the sheriff's return.   Appellant furnished the only other evidence of their claim when he introduced the written instrument signed by Mr. Rengel and delivered to the broker by Peter Schoden, and in proving demand for the securities and the reply of Mrs. Schoden to appellant's demand.   This proof was introduced to prove demand and a refusal by appellees to deliver the property to appellant.   Her answer to the demand, however, serves to prove possession of the securities at that time in her under claim of ownership as a gift from her father, as the proof was made without limiting the evidence to the proof merely of her refusal to deliver the property on de-

mand. This evidence should not, however, be held to prove more, that is to say, to prove more than her possession under claim of ownership by gift. In the absence of other evidence the proof of her possession and claim of ownership would undoubtedly, under all the authorities, make a *prima facie* case showing her right of possession to the securities against the administrator, as they were endorsed in blank by the maker, Saxe, and title thereto could pass by delivery without endorsement. We hold, however, that this evidence establishing her right to recover was overcome by the other evidence in the record, and that the evidence proved that the basis of her claim or title is by virtue of the said instrument signed by her father and delivered by her husband to the broker, and that it was without legal force to vest any right to the property in her, as heretofore said.

Presumptions are generally prospective, and not retrospective, that is, they usually run forward and not backward. When possession and ownership are shown to exist, they are presumed to continue, but are not presumed to have existed back of the time they were proven to have existed. Cantwell Eagle Brewing Co. v. Horst, 61 Ill. App. 330; Erskine v. Davis, 25 Ill. 251.

There can be no presumption under the proof in this case that Mrs. Schoden was in possession of the securities under claim of ownership in the life of her father from the mere fact that she was in possession thereof under claim of ownership three months and more after his death. Her mere claim that he gave them to her does not amount to proof that he did give them to her. If there was such a presumption in law, we would still be forced under the evidence to hold that it was overcome by evidence tending to show that her father was in possession as owner up to his death. Any *prima facie* case of ownership may be rebutted by the circumstances attending the possession. Ber-

gen v. Riggs, 34 Ill. 170; Bellis v. Lyons, 97 Mich. 398; Campbell v. Sech, 155 Mich. 634.

Her claim being that she was owner by gift from her father excludes all consideration or speculation that she may have obtained a right of possession otherwise. Our conclusion, therefore, is that the finding and judgment of the court is against the manifest weight of the evidence, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*