MARKHAM-STEPHENS COMPANY v. E. L. RICHMOND COMPANY AND THE FIRST NATIONAL BANK OF DURHAM.

(Filed 29 April, 1919.)

1. **Banks and Banking—National Banks—Garnishment.**

   A garnishment of funds by a creditor of one having funds in a national bank will lie, and is not objectionable on the ground that the bank is a national bank.

2. **Banks and Banking—Bills and Notes—Purchaser for Value—Collection—Evidence—Instructions—Appeal and Error.**

   Where a bank interpleads, claiming to be the purchaser of a draft for value from the drawer, and entitled to the money paid thereon in the hands of the collector bank, and there is no evidence that the interpleader had ever had any other transaction with the drawer, and the only evidence is that the interpleader was a purchaser for full value, etc., an instruction is reversible error that the interpleader would only be a collection agent if it received the draft, expressly or impliedly from its course of dealings, with the right to charge it back to the drawer should it not be paid, and refuse to instruct that they should answer the issue for the interpleader if they believed the evidence in the case.

APPEAL by intervenor, Pontiac Savings Bank, from *Devin, J.,* at September Term, 1918, of DURHAM.

This action was begun before a justice of the peace against E. L. Richmond Company to recover $170 for breach of contract in the sale of a carload of hay. J. H. Berry, a broker of Durham, sold to the plaintiff a carload of hay that came from E. L. Richmond Company

which proved to be damaged. Later J. H. Berry sold to the plaintiff another car of hay from E. L. Richmond Company. The bill of lading for the hay attached to the draft was in the following language:

$173.47                                                              No. 1341
                    THE E. L. RICHMOND COMPANY
                    *Wholesale Hay and Potatoes*
                         DETROIT, MICHIGAN, March 7, 1917.
    On arrival of N. Y. C. or St. L. car No. 10430, pay to the order of the Pontiac Savings Bank one hundred seventy-three dollars forty-seven cents, value received, and charge the same to account of
                         THE E. L. RICHMOND COMPANY,
                                        Per A. B. Richmond, Jr.

    To J. H. Berry, Durham, North Carolina.
    Draft through the First National Bank.
    On the back of said draft was the following endorsement:
    Pay to the order of any bank, banker or trust company, all prior endorsements guaranteed. Pontiac Savings Bank, Pontiac, Mich. C. T. Merz, Cashier.
    This draft, with bill of lading attached, was forwarded by the Pontiac Savings Bank to the First National Bank of Durham. The plaintiff paid the draft to the latter bank and thereafter garnisheed the proceeds of the draft in the hands of the First National Bank of Durham. The Pontiac Savings Bank interpleaded, claiming the ownership of the funds in controversy. The First National Bank of Durham moved to dismiss because attachment would not lie against a national bank and because there was no defect in the car of hay covered by this draft and bill of lading, and there was no allegation or proof of fraud.
    The jury found the issue, "Is the interpleader, the Pontiac Savings Bank, the owner of the draft described in the complaint and entitled to the proceeds thereof?" in the negative. Judgment in favor of plaintiff against the First National Bank, garnishee, for $170 and costs. Appeal by the interpleader.

    *Fuller, Reade & Fuller for plaintiff.*
    *Bryant and Brogden for defendants.*

    CLARK, C. J. The motion to dismiss was properly denied. There was no attachment issued against the national bank but merely garnishment of the proceeds of draft in its hands.
    The draft in question was received by the Pontiac Savings Bank of Pontiac, Michigan, on 8 March, 1917, and was sent by it direct to the First National Bank of Durham for payment. Elmer L. Richmond,

a member of the partnership known as the E. L. Richmond Company, testified that this draft was sold to the Pontiac Savings Bank, who paid the face value of the same; that the bill of lading was attached to the draft; that there was no agreement that the Pontiac Savings Bank would protect the draft if it was dishonored and that the E. L. Richmond Company had not had this draft since said bank paid for it. The vice-president of the Pontiac Savings Bank, the receiving teller, and the cashier all testified that the draft and bill of lading was purchased by the Pontiac Savings Bank on 8 March, 1917, and that on that date said bank paid the E. L. Richmond Company the sum of $173.47, the face of the draft.

There was no evidence to the contrary. There was no evidence tending to show that the E. L. Richmond Company had ever sold any other draft to the Pontiac Savings Bank, nor that J. H. Berry, the drawee, or the plaintiff had ever had any dealings with the Pontiac Savings Bank. Nor was there any evidence that there was any course of dealings between the parties to this controversy and the intervenor, the Pontiac Savings Bank, nor was there any evidence of a custom of the Pontiac Savings Bank or any dealings whatever between it and the E. L. Richmond Company.

The plaintiff contended that the action was not a *bona fide* sale to the interpleader. The Pontiac Savings Bank, on the other hand, contends that it took the draft in the course of business, and actually paid E. L. Richmond Company the face value of the draft, to wit, $173.47.

The court told the jury in substance that if the interpleader took the draft in question with the right, either by express agreement or by implication from the course of dealing, to charge it back if not paid, that the interpleader bank would not be purchaser of the draft but a collecting agent. This charge was substantially the same as in *Worth v. Feed Co.,* 172 N. C., 335.

The interpleader contends that this charge was erroneous because there was no evidence that there had been any dealings prior to this transaction between E. L. Richmond Company and the Pontiac Savings Bank, and asked the court to instruct the jury, "If you believe the evidence in this case you will answer the issue 'Yes.'"

This contention of the interpleader was correct, and the court should have given the prayer as asked.

Error.