STERLING MILLS, INC., v. SAGINAW MILLING COMPANY.

(Filed 6 December, 1922.)

1. **Attachment—Interpleader—Banks and Banking—Bills and Notes— Negotiable Instruments—Burden of Proof.**

   Where the forwarding bank intervenes and claims title to a draft of a nonresident debtor attached in the hands of a local bank, the burden is on the intervener to show its title to the property attached, and upon its evidence tending to show *prima facie* that it was the purchaser of the draft for value, and is a holder thereof in due course, without notice of any defenses or equities, an issue of fact is raised for the determination of the jury.  C. S., 3040.

2. **Same—Evidence—Questions for Jury—Trials—Instructions—Verdict Directing.**

   Where the forwarding bank of a nonresident debtor intervenes in the creditor's action, and claims the proceeds of a draft in the hands of a local bank, in attachment proceedings, and the intervener's officer testifies positively that the intervener was a purchaser for value, in due course, without notice of any infirmity, etc., in the paper, his further testimony, on cross-examination, as to general dealings with the attachment debtor, crediting it with drafts, and charging them back if not paid on presentation, raise the question of the intent between the forwarding bank and its depositor, as to whether the paid draft in question was acquired by the intervener in due course, C. S., 3040, or whether it had accepted the draft as a mere agency for collection, in which latter event the proceeds of the draft would be subject to attachment in the hands of the local bank; and on this conflicting evidence a direction of the verdict against the intervener is reversible error.

APPEAL by intervener from *Ray, J.,* at March Term, 1922, of IREDELL.

Plaintiff, a North Carolina corporation, with its principal place of business at Statesville, N. C., having a cause of action against the Saginaw Milling Company, a foreign corporation, instituted this suit in the Superior Court of Iredell County, and sought to obtain service upon the defendant by attaching the proceeds of a draft in the hands of the Peoples Loan and Savings Bank, Statesville, N. C., alleging that said funds belonged to the defendant.

Thereafter, on 19 August, 1921, the Second National Bank of Saginaw, Michigan, was allowed to intervene and to set up its claim of title to the proceeds of said draft.

Upon the issue thus raised there was a verdict and judgment in favor of the plaintiff.  The defendant made no appearance and filed no answer.  Intervener appealed.

*Dorman Thompson for plaintiff.*
*John A. Scott, Jr., for intervener.*

STACY, J. The burden was on the intervener to make good its claim and to show title to the property attached. *Moon v. Milling Co.,* 176 N. C., 410. In order to meet this requirement, the intervening bank offered evidence tending to show, *prima facie* at least, that it was a purchaser of the draft in question for value, and a holder of the same in due course, without notice of any defenses or equities. C. S., 3040; 1 Dan. on Neg. Inst., secs. 812 and 814 a; *Jackson v. Love,* 82 N. C., 405; *Hodge v. Smith,* 130 Wis., 326; *Scoville v. Landon,* 50 N. Y., 686.

After offering the draft in evidence, due execution of which was admitted by the plaintiff, E. W. Glynn, cashier of the intervening bank, testified as follows: "The draft was in possession of the Second National Bank with bill of lading attached; it belonged to the Second National Bank of Saginaw; the proceeds of payment of said draft belonged to the Second National Bank of Saginaw, Michigan. The Saginaw Milling Company did not own any interest in the draft when forwarded by the Second National Bank of Saginaw, and does not own any interest in the money paid for said draft by the Statesville Flour Mills, and later attached by the Sterling Mills. The Second National Bank of Saginaw does not owe the Sterling Mills anything. The draft was in the possession of the Second National Bank of Saginaw as owner and not as agent of the Saginaw Milling Company. It was forwarded by the Second National Bank of Saginaw to the Peoples Loan and Savings Bank of Statesville for presentment and payment as our property, owned by our bank, and not as agent of the Saginaw Milling Company."

On cross-examination, in reply to the question, "Does not your bank habitually credit the account of the Saginaw Milling Company with the amount of drafts on customers of said Saginaw Milling Company, giving permission to the Saginaw Milling Company to draw against such credits, and then charge up the Saginaw Milling Company with such papers as are not paid on presentation?" the witness answered, "Yes, that is, we collect back from Saginaw Milling Company such drafts as are returned to us refused. In this case, however, the draft was paid."

At the close of the evidence the court charged the jury: "If you believe the testimony in this case, you will answer the first issue 'No.'" Exception by intervener.

We think the evidence upon the issue as to whether the intervening bank was an agent for collecting the draft in question or a purchaser thereof for value, was sufficiently equivocal, if not contradictory, to require a finding by the jury, and that his Honor's charge, which virtually amounted to a direction of the verdict, was erroneous.

If the intervener held the draft as a purchaser for value, the proceeds derived therefrom could not be attached in the hands of the Peoples Loan and Savings Bank as the property of the Saginaw Milling Company; but, on the other hand, if the intervening bank acted merely as a collecting agent, the proceeds would belong to the defendant, and consequently they would be subject to attachment in the hands of the garnishee bank. *Worth Co. v. Feed Co.,* 172 N. C., 335; *Markham-Stephens Co. v. Richmond Co.,* 177 N. C., 364. Upon this point, the real determinative question is as to the intention of the parties; and this is a question of fact to be ascertained by the jury, where the evidence is conflicting. *Worth Co. v. Feed Co., supra.*

The case at bar is distinguished from *Temple v. LaBerge, ante,* 252, for there the testimony was susceptible of only one interpretation or of but a single conclusion. Here the evidence is conflicting. It may be sufficient to rebut the *prima facie* case, but this is a matter to be submitted to the jury under proper instructions from the court. *Currie v. R. R.,* 156 N. C., 426.

For the error, as indicated, in directing a verdict on evidence from which different inferences may be drawn, we are of opinion that the cause must be submitted to another jury, and it is so ordered.

New trial.