FIRST NATIONAL BANK OF SPARTANBURG, SOUTH CAROLINA, v. W. McK. MONROE.

(Filed 22 October, 1924.)

**Bills and Notes — Negotiable Instruments — Banks and Banking — Due Course—Evidence—Principal and Agent—Questions for Jury.**

Evidence that a bank received a negotiable note from the payee, credited him therewith, but with the right to charge it back to his account, should the maker fail to pay it, is of an agency for collection; and where there is other evidence which tends to show that the bank, the plaintiff in an action upon the note, was a holder for value in due course, before maturity, it is reversible error for the trial judge to direct a verdict upon the appropriate issue in the plaintiff's favor.

APPEAL by defendant from *Cranmer, J.,* at April Term, 1924, of CUMBERLAND.

Civil action, to recover upon a promissory note executed by the defendant to the Lummus Machinery Company, and alleged to have been duly transferred and assigned to the plaintiff for value, before maturity and without notice of any equities.

The jury returned the following verdict under instructions from the court, that if they found the facts to be as testified to by the witnesses, they should answer the issues as shown below:

"1. Was the execution of the note sued on obtained by the fraud of J. L. Lummus, as alleged in the amended answer? Answer: Yes.

2. Is the plaintiff the holder in due course of said note? Answer: Yes.

3. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: Two thousand dollars and interest."

Judgment on the verdict for plaintiff. Defendant appeals, assigning errors.

*Cook & Cook for plaintiff.*
*Shaw & Shaw, Bullard & Stringfield, and Dye & Clark for defendant.*

STACY, J. The president and assistant cashier of the plaintiff bank testified that the note sued on, admittedly negotiable in form and executed by the defendant to the Lummus Machinery Company on 8 April, 1920, was purchased from the payee by the First National Bank of Spartanburg, S. C., in good faith, for value, before maturity, and without notice of any infirmity in the instrument or defect in the title of the party negotiating it. C. S., 3033. But there is other evidence on the record tending to show that the plaintiff bank took the note in question with the right to charge it back to the account of Lummus Machinery Company if not paid by the maker at maturity.

The written deposit slip, used by the parties at the time the note was discounted and placed to the credit of the Lummus Machinery Company upon the books of the plaintiff bank, contained the following stipulation: "All items not actually collected will be charged back to depositor's account. . . . Read carefully above agreement." The plaintiff tried to collect the note out of the payee before bringing the present suit. This evidence made it a question of fact for the jury to say whether the plaintiff took the note in suit as purchaser or as agent for collection; and the court's instruction, which virtually amounted to a direction of the verdict, must be held for error. *Sterling Mills v. Milling Co.,* 184 N. C., 461.

The principle applicable is stated by *Allen, J.,* in *Worth Co. v. Feed Co.,* 172 N. C., p. 342, as follows: "The rule prevails with us, and it is supported by the weight of authority elsewhere, that if a bank discounts a paper and places the amount, less the discount, to the credit of the endorser, with the right to check on it, and reserves the right to charge back the amount if the paper is not paid, by express agreement or one implied from the course of dealing, and not by reason of liability on the endorsement, the bank is an agent for collection, and not a purchaser," citing a number of authorities for the position. See, also, to like effect, *Finance Co. v. Cotton Mills Co.,* 187 N. C., 233.

The real determinative question was as to the intention of the parties; and this is a question of fact to be ascertained by the jury, where the evidence is equivocal or conflicting, as it is here. *Sterling Mills v. Milling Co., supra.*

For the error, as indicated, in directing a verdict on evidence, from which different inferences may be drawn, we are of opinion that the cause must be submitted to another jury, and it is so ordered.

New trial.