THE LIBERTY CENTRAL TRUST COMPANY v. THE UNION
TRUST COMPANY.

(Filed 12 November, 1925.)

**1. Evidence—Instructions—Directing Verdict.**

Where the evidence and all legal inferences therefrom are unequivocal
and in favor of one party to an action, an instruction directing a verdict
in his favor *is* not erroneous.

**2. Banks and Banking—Bills and Notes—Negotiable Instruments—Endorsement—Agency for Collection—Principal and Agent.**

Where a certificate of deposit in a bank has been endorsed by the de-
positor to another bank, which credits his account with the amount thereof,
and upon its nonpayment thereof the bank charges the account of its
depositor therewith upon the ground of his legal liability as an endorser,
the evidence is not susceptible of the inference that the discounting bank
received the certificate as an agency for collection, and to render it liable
for the equities existing between the original parties.

**3. Same—Evidence—Instructions.**

Where the bank that has issued a certificate of deposit sued on by an
endorsee bank interposes the defense that the instrument sued on was
nonnegotiable, and subject to the equities existing between it and the
payee of the certificate, and offers no evidence of a loss on that account,
an instruction directing a verdict in favor of the endorsee bank is properly
given by the trial judge. *Semble*, an instrument payable in current funds
is nonnegotiable; but, *Held*, the instruction was proper in either event.

APPEAL by defendant from *Daniels, J.,* at April Term, 1925, of
the Superior Court of WAKE. No error.

*M. Ashby Lambert and Robert N. Simms for plaintiff.*
*Willis Smith and Winston & Brassfield for defendant.*

ADAMS, J.   The plaintiff, formerly The Liberty Bank of St. Louis,
is a corporation organized and existing under the laws of Missouri, and
the defendant is a corporation created under the laws of North Caro-
lina, having its principal office in the city of Raleigh.   On 24 August,
1920, the defendant executed and delivered to the Moon Motor Car
Company the following certificate of deposit: "Moon Motor Car Com-
pany has deposited in this company $13,467.32, payable to the order of
themselves in current funds on the return of this certificate properly
endorsed 90 days after date with interest at 6 per cent per annum.
Interest to cease after 90 days.   (Signed) Union Trust Company, By
J. Cooper Young, Pres."   The defendant's corporate seal was affixed.
The plaintiff alleged that the certificate of deposit was negotiable and
that the plaintiff was a holder in due course by virtue of the Moon
Company's endorsement, transfer, and delivery thereof for value and
before maturity, and contended that the title thus transferred was

unincumbered and free from any and all equities pleaded in behalf of the defendant. The defendant denied that the plaintiff was a holder in due course and contended that the plaintiff was the agent for collection of the Moon Company and not the real party in interest; that these two had conspired to collect the amount due on the certificate for the wrongful purpose of relieving the Moon Company from the operation of an attachment and judgment in a case prosecuted against the Moon Company by one H. L. Whitaker; and that the plaintiff in no event would suffer any loss.

On 22 November, 1920, the certificate was protested for nonpayment; but on 21 March, 1921, the defendant made a payment of $11,267.32 with interest from 22 November, 1920, leaving unpaid the sum of $2,200. The defendant denied liability for the remainder, and the plaintiff waived no rights, legal or equitable, but expressly reserved its right to bring suit for the amount claimed. The summons was issued on 25 May, 1921. Upon the trial the plaintiff introduced in evidence the certificate of deposit, the protest thereof, and the deposition of Edward Barklage, vice-president of the plaintiff company. The defendant offered no evidence. Only one issue was submitted to the jury: "Is the plaintiff the holder in due course of the certificate of deposit described in the complaint?" The defendant did not object or except to the issue and agreed that if it should be answered in favor of the plaintiff judgment should be given for the amount alleged to be due. At the conclusion of the evidence the jury were instructed to answer the issue "Yes" if they found the facts to be as testified to by the witnesses; and upon the verdict judgment was rendered for the plaintiff. The defendant excepted to the judgment, to the instruction given the jury, and to the denial of its motion to dismiss the action as in case of nonsuit.

The Negotiable Instruments Law became effective in North Carolina 8 March, 1899, and in Missouri 10 April, 1905. C. S., ch. 58; Laws of Missouri, 1905, 243; Brannan's Neg. Ins., pp. 5, 6, note. It sets forth the requisites of negotiability and of the title to be acquired in due course. Secs. 2982, 2987, 3010, 3033. On the trial the negotiable character of the certificate seems to have been assumed and the controversy to have centered in the question whether the plaintiff was a holder in due course, for the defendant's exceptions were aimed chiefly at his Honor's instruction to the jury. The only evidence of the circumstances under which the plaintiff took a transfer of the certificate appears in the deposition of Edward Barklage. Upon his testimony the defendant contended that the plaintiff had discounted the certificate for the benefit of the endorser (The Moon Company) under an express agreement or an agreement implied from the course of dealing that

if not paid at maturity the paper should be charged back to the endorser; and that the plaintiff had therefore become merely an agent for the collection of the Moon Company's claim. The plaintiff insisted that the deposition was reasonably susceptible of only one construction: that the plaintiff was a holder in due course and held the Moon Company to liability only by reason of the relation created by its endorsement of the certificate of deposit. The law with respect to these contentions is given in *Worth Co. v. Feed Co.,* 172 N. C., 335, 342: "The rule prevails with us, and it is supported by the weight of authority elsewhere, that if a bank discounts a paper and places the amount, less the discount, to the credit of the endorser, with the right to check on it, and reserves the right to charge back the amount if the paper is not paid, by express agreement or one implied from the course of dealing, and not by reason of liability on the endorsement, the bank is an agent for collection and not a purchaser." Again: "Was it the mutual understanding and intention that the title should pass unconditionally to the bank, with no right to charge back except by reason of the endorsement, or was it the intention of the parties that the title should pass conditionally and that credit should be given temporarily for the convenience of the parties, with the right arising by express or implied agreement to charge back? If the first, the bank would be a purchaser for value and the owner, and if the second, it would be an agent for collection." Pages 343, 344. In addition to the cases cited in *Worth Co. v. Feed Co.,* see *Temple v. La Berge,* 184 N. C., 252; *Finance Co. v. Cotton Mills Co.,* 187 N. C., 233; *Bank v. Monroe,* 188 N. C., 446. If the deposition reasonably construed supports the plaintiff's contention and excludes the defendant's there was no error in the instruction complained of; for the evidence would then be neither equivocal nor conflicting so as to prevent a directed instruction. *Bank v. Monroe, supra; Jeanette v. Hovey,* 184 N. C., 140; *Temple v. La Berge, supra.* In *Sterling Mills v. Milling Co.,* 184 N. C., 461, a new trial was granted because, though there was evidence to sustain the intervener's claim, the trial judge directed a verdict against him. The principle would apply here if there were evidence sufficient to uphold the defendant's contention; but a close examination of the testimony has convinced us that the trial judge correctly held that it was not sufficient for this purpose. It will be noted that the admissions of the witness in regard to charging back the account to the endorser relate, not to an agreement of the parties, but to the plaintiff's alleged legal right to look to the endorser for payment or to apply a customer's deposit in satisfaction of his indebtedness to the bank. *Hodgin v. Bank,* 124 N. C., 540; *S. c.,* 125 N. C., 503 (rehearing not material here); *Moore v. Bank,* 173 N. C., 180; *Moore v. Trust Co.,* 178 N. C., 118.

In our opinion, then, the instruction excepted to was free from error if the certificate of deposit was a negotiable instrument. By its terms the money on deposit was payable to the order of the Moon Motor Car Company "in current funds." In *Johnson v. Henderson,* 76 N. C., 227, it was held that a certificate having this provision is not negotiable. This case, it is true, was decided before the enactment of the Negotiable Instruments Law; but Brannan says that the fifth clause of the section in reference to payment in a particular kind of current money (C. S., 2987) leaves the question unsolved. Neg. Ins., p. 27, sec. 6, note d. True, also, this was a suit by the last endorsee against an intervening endorser, and the court said the plaintiff, the ultimate holder of the certificate, stood in the shoes of the payee and his only remedy was against the corporation which issued the certificate of deposit. In the case at bar the defendant issued the paper sued on. Even if it was nonnegotiable and its transfer was operative upon the theory of assignment, not of endorsement, and the title acquired by the plaintiff was subject to the defendant's equities, yet the defendant offered no evidence and proved no equity: On the contrary it impliedly treated its defense as dependent upon a determination of the matters involved in the issue submitted, and consented to the plaintiff's recovery of the amount claimed if the jury should answer the issue in favor of the plaintiff. Upon the undisputed evidence the merits of the case are with the plaintiff whether the certificate be negotiable or nonnegotiable, and in our opinion the judgment should not be disturbed. Norton on Bills and Notes, 14; *Jackson v. Love,* 82 N. C., 405; *Bank v. Bynum,* 84 N. C., 24; *Havens v. Potts,* 86 N. C., 31; *Kiff v. Weaver,* 94 N. C., 274; *Thompson v. Osborne,* 152 N. C., 408.

We find no error entitling the defendant to a new trial.

No error.