L. R. SUGG ET AL., PARTNERS, TRADING AS SUGG BROTHERS, v. ST. MARY'S OIL ENGINE COMPANY AND CENTRAL TRUST COMPANY OF ST. CHARLES, MISSOURI, INTERVENER.

(Filed 25 May, 1927.)

**1. Interpleader—Attachment—Issues.**

Where the note of a nonresident defendant has been attached by process issuing out of the courts of this State, and claimed by an intervener as a bona fide purchaser for value, without notice, before maturity and prior to the time of the attachment, and the defendant in attachment has paid the money into court to abide its payment between the conflicting claimants:   *Held,* the issue raised by the intervener's pleadings is the proper one to be considered, and not that raised in the complaint, to which the defendant named therein has filed no answer.

**2. Evidence—Right to Cross-Examine Witnesses.**

Where a cause has been referred and regularly proceeded with before a commissioner to take depositions therein, the party has a right to cross-examine the witnesses of the opposing party, which may not be denied him as a matter of law.

**3. Same—Reference — Report of Referee — Deposition Stricken Out— Statutes.**

Where a commissioner to take depositions has, over the objection and exception of a party litigant, denied him the right of cross-examination of a witness of his opponent, and has appealed therefrom to the trial court, and preserved his right, the exception gives notice of the grounds upon which it was based, and on his motion on the trial, the deposition relating to that part of the evidence will be stricken out.   C. S., 1820.

**4. Same—Motion.**

Where a motion to suppress a deposition is based upon an irregularity in the way in which it was taken, it should be supported by evidence *aliunde,* therein differing from the appellant's right to have testimony

given in the direct examination of a witness taken by deposition suppressed for the refusal of the commissioner to permit him to cross-examine a witness of the opposing party, under his objection and exception duly taken and preserved.

**5. Same—Bills and Notes—Negotiable Instruments—Collateral—Liens.**

Where the note of a nonresident defendant has been attached in an action brought in the courts of this State, and an interpleader claims as a holder in due course, and makes it to appear that it was taken as collateral security to another note, it is a holder in due course only to the extent of its lien.  C. S., 3007.

APPEAL by plaintiffs from *Stack, J.,* at February Term, 1927, of MOORE.  New trial.

Action begun on 16 May, 1925, to recover of defendant, St. Mary's Oil Engine Company, a foreign corporation, the sum of $432, commissions due to plaintiffs as agents of defendant on sale of machinery.

Summons was served on said defendant by publication.  By virtue of a warrant of attachment herein issued to him, the sheriff of Wake County levied upon and attached the indebtedness of M. C. Sorrell to said defendant, evidenced by his note for $1,440, dated 18 July, 1924, and due and payable on or before 18 July, 1925, to the order of St. Mary's Oil Engine Company.

Thereafter, Central Trust Company of St. Charles, Missouri, intervened in the action, and was made a party defendant.

No answer to the verified complaint of plaintiffs was filed by defendant, St. Mary's Oil Engine Company.  The intervener, Central Trust Company, filed an answer in which it denied that the garnishee, M. C. Sorrell, was indebted to the St. Mary's Oil Engine Company on his note for $1,440 at the date on which the attachment was levied; it alleged that it had purchased said note from said St. Mary's Oil Engine Company on 16 January, 1925, for a valuable considerable, and that said company had transferred and assigned said note to it, by endorsing same.

After the pleadings were filed, by consent, the garnishee, M. C. Sorrell, paid into court the amount of his indebtedness on his note payable to the order of St. Mary's Oil Engine Company, and was discharged of all further liability thereon.  The intervener contended that it was the owner of the funds in the hands of the court, the same being the proceeds of the Sorrell note.

The only issue submitted to the jury was answered as follows:

"Is the intervener, Central Trust Company of St. Charles, Missouri, the owner of the funds paid into court on the M. C. Sorrell note?  Answer: 'Yes.' "

From judgment on this verdict, plaintiffs appealed to the Supreme Court.

*Hoyle & Hoyle for plaintiffs.*
*U. L. Spence for intervener.*

CONNOR, J.   There was no prejudicial error in the refusal of the court to submit the issue tendered by plaintiffs, although it was the issue raised by the pleadings.   The garnishee paid the amount of his indebtedness on the note into court, after the pleadings had been filed; the matter in controversy, therefore, at the trial was the ownership of the funds then in the hands of the court.   The issue as submitted by the court was sufficient in form to enable the parties to present to the jury their contentions as to every phase of the matter to be determined by them.   The assignment of error, with respect to the issues, is not sustained.   *Power Co. v. Power Co.,* 171 N. C., 248.

The burden of the issue to be answered by the jury was upon the interveners.   It has been repeatedly so held by this Court.   *Sitterson v. Speller,* 190 N. C., 192; *Electric Co. v. Light Plant,* 185 N. C., 534; *Sterling Mills v. Milling Co.,* 184 N. C., 461; *Mangum v. Grain Co.,* 184 N. C., 181; *Moon v. Milling Co.,* 176 N. C., 407; *Cotton Mills v. Weil,* 129 N. C., 452.   In support of this burden, the intervener offered in evidence depositions of three witnesses, taken before a notary public, at St. Charles, Missouri.   C. S., 1809.   Plaintiff offered no evidence.

J. C. Willbrand, vice-president and secretary and treasurer of the intervener, in his deposition, testified that the intervener purchased the note of M. C. Sorrell, payable to St. Mary's Oil Engine Company, for $1,440, on 15 January, 1925, paying full value therefor; that the note, endorsed by the payee, was entered on a deposit slip, and tendered to the Central Trust Company by St. Mary's Oil Engine Company, for deposit to its credit; and that the deposit was accepted by Central Trust Company, and credit given to St. Mary's Oil Engine Company for the full face value of the note.   No inquiry was made by Central Trust Company as to the solvency of M. C. Sorrell, maker of the note.   The Central Trust Company has owned the note since 15 January, 1925.

On the cross-examination of this witness, the following questions were addressed to this witness by the attorney for plaintiffs:

"Q. Do I understand you to say that the Central Trust Company is bearing the entire cost of this litigation?   A. I do not know about that; we are at the present time.

"Q. Who is, eventually?   A. I suppose if we do not come out whole, it will go back on the St. Mary's Oil Engine Company.   I had not thought of that feature.   We were put on notice of the attachment in North Carolina about two or three weeks before the maturity of the note, I think.   I communicated this to the St. Mary's Oil Engine Company. It told us to go ahead and fight the litigation; that it was our note.

"Q. And that was the first time that anything had been said about that being your note, wasn't it? A. You mean between us and the St. Mary's Oil Engine Company?

"Q. At any time? A. We took the note, and considered it our note.

"Q. The reason you considered it your note was because you took it for deposit? A. Bought it; yes.

"Q. In case the plaintiffs are successful in this action, you will charge the loss that you have, plus lawyers' fees, back to St. Mary's Oil Engine Company, will you not?"

Objection to this question was entered by the attorney for intervener, who advised the witness not to answer the question.

"A. I refuse to answer the question.

"Q. We will have to insist on your answering it, Mr. Willbrand. I ask the commissioner to compel the witness to answer the question."

The commissioner: "I think the objection raised by the attorney for defendant is well taken; at the time the depositions are read into the record in the court in North Carolina, the attorney for the plaintiff can then bring in his reasons why the witness should have answered the question; the commissioner's ruling is that the witness does not have to answer the question. This ruling will be reviewed by the trial judge."

"Q. (Addressed to the witness.) Is the ground of your refusal to answer the question that the answer would tend to incriminate or degrade you? A. (By attorney for intervener.) No.

"(By witness.) My counsel says 'No,' I guess I'll say 'No.' The question as to whether or not the Central Trust Company will bear the ultimate loss, if any, has never been discussed."

Before the taking of the depositions was closed, and while the witness J. C. Willbrand was still present before the commissioner, counsel for plaintiffs moved the commissioner to compel the witness to answer the question propounded to him, which the witness, under advice of counsel for intervener, had refused to answer. The motion was denied. Counsel for plaintiffs thereupon gave notice, as appears in the record, that at the trial of the action in the Superior Court of Moore County, North Carolina, plaintiffs would move the court to strike out and disallow the deposition of J. C. Willbrand, if offered as evidence in behalf of Central Trust Company, and to strike out and dismiss the interplea of said company in this action.

At the trial in the Superior Court of Moore County, after the jury had been empaneled, plaintiffs moved the court to strike out the interplea of Central Trust Company, and the deposition of J. C. Willbrand, offered as evidence by the intervener, because of the refusal of J. C. Willbrand, under the advice of counsel for intervener, to answer the questions propounded to him on cross-examination, as shown in the deposition.

52—193

The record showed that this deposition was received and filed by the clerk of the Superior Court of Moore County, on 5 February, 1926, and was opened by the said clerk, in the presence of attorneys for plaintiff and intervener on 11 May, 1926, subject to such exceptions thereto as might thereafter be filed.

The motions of plaintiff were denied, and plaintiff excepted. Their second assignment of error is based upon this exception.

It is provided by statute in this State that no deposition shall be quashed or rejected on objections first made after the trial has begun merely because of an irregularity in taking the same, provided it shall appear that the party objecting had notice that it had been taken, and it was on file long enough before trial to enable him to present his objection. C. S., 1820. In *Freeman v. Brown,* 151 N. C., 111, the defendant objected to and moved to suppress a deposition offered in evidence by the plaintiff, for that same was taken before issue was joined in the action, in that the answer had not been filed at the time the deposition was taken. The motion was denied. Defendant's exception was not sustained, this Court, in the opinion written by *Manning, J.,* saying: "The motion to suppress the deposition ought to have been made, at latest, before the trial was entered upon. Rev., 1647 (now C. S., 1820); *Ivey v. Cotton Mills,* 143 N. C., 189." The reason for the statute, as stated by *Walker, J.,* in *Ivey v. Cotton Mills, supra,* is to provide that the party in whose behalf the deposition has been taken shall have notice of the objection, and of the grounds for same, and not be taken at a great disadvantage by going to trial without such notice. This reason does not apply in the instant case, for the intervener had ample notice of the motion of plaintiff's and of the grounds upon which it was made. These grounds appear in the face of the deposition. No extrinsic evidence in support of or in opposition to the motion was required. The deposition itself disclosed the grounds for the motion. It was made in apt time. Objections to questions and answers contained in the deposition upon the ground that they are incompetent are heard at the trial. *Jeffords v. Waterworks Co.,* 157 N. C., 10. An objection for that the deponent has refused to answer a question propounded to him on cross-examination, and that the commissioner or notary public has declined to require the witness to answer, may be first presented at the trial, where notice of such objection was given during the taking of the deposition, as appears upon its face. The objection is not made because of an irregularity in the taking of the deposition, which must be shown by evidence *aliunde,* as was the case in *Williford v. Bailey,* 132 N. C., 402, where the objection to the deposition was on the grounds that the witness was a resident of the county, that no commissioner was named in the notice, and that no notice was given

before the appointment of the commissioner. In that case the Court said: "If there be any merit to these objections, the objection should have been made in writing, and should have been passed on before the trial began. *Davenport v. McKee,* 98 N. C., 500; *Brittain v. Hitchcock,* 127 N. C., 400." In *Hudson v. R. R.,* 176 N. C., 488, it was held that a motion to strike out the answers of a witness to questions propounded to him on his cross-examination, as shown by his deposition, first made at the trial, came too late. In that case, however, the deposition did not show that there was an objection to the answer, or a motion to strike same out, made during the taking of the deposition, as in the instant case.

It is manifest that plaintiffs have been denied, by the ruling of the commissioner or notary public, made at the instance of counsel for intervener, the right to a full cross-examination, upon a material matter, of the witness, upon whose testimony, offered by deposition, the intervener principally relies to sustain its contentions upon the issue to be answered by the jury. Plaintiffs are entitled to an opportunity to cross-examine this witness to show, if they can, that the intervener received and held the Sorrell note, not as a holder in due course, as intervener contends, but as an agent for collection, under the rule stated by this Court in *Worth v. Feed Co.,* 172 N. C., 335. It is said in the opinion in that case, written by *Allen, J.:* "The rule prevails with us, and it is supported by the weight of authority elsewhere, that if a bank discounts a paper, and places the amount, less the discount, to the credit of the endorser, with the right to check on it, and reserves the right to charge back the amount if the paper is not paid, by express agreement, or one implied from the course of dealing, and not by reason of liability on the endorsement, the bank is an agent for collection, and not a purchaser." *Trust Co. v. Trust Co.,* 190 N. C., 468; *Bank v. Monroe,* 188 N. C., 446; *Finance Co. v. Cotton Mills,* 187 N. C., 233; *Sterling Mills v. Milling Co.,* 184 N. C., 461; *Temple v. La Berge,* 184 N. C., 252; *Markham-Stephens Co. v. Richmond Co.,* 177 N. C., 364. Plaintiffs were entitled to an opportunity to cross-examine the witness, and to have his answers to material questions propounded to him on his cross-examination, for the consideration of the jury. 18 C. J., 692, sec. 221.

Plaintiffs, residents of this State, in order to avail themselves of their right to be present at the taking of the depositions, to be used as evidence against them on the trial of their action in the courts of this State, and to cross-examine witnesses whose testimony was to be taken by deposition, for submission to the jury as evidence, were required to go, at great expense and inconvenience, to a distant state. The notary public, by his ruling, at the instance of counsel for the intervener, has deprived plaintiffs of a right which the courts of this State have held to be essential

for their protection—the right to cross-examine adverse witnesses. *Moss v. Knitting Mills,* 190 N. C., 644. In *Milling Co. v. Highway Commission,* 190 N. C., 692, this Court has said, in its opinion written by *Varser, J.:* "The right to have an opportunity for a fair and full cross-examination of a witness upon every phase of his examination-in-chief is an absolute right,, and not a mere privilege. *S. v. Hightower,* 187 N. C., 300; *Mining Co. v. Mining Co.,* 129 Fed., 668. Cross-examination 'beats and boults out the truth much better than when the witness only delivers a formal series of his knowledge without being interrogated.' "

Plaintiff's motion to suppress the deposition, made in apt time, after full notice to intervener, upon grounds stated in the record during the taking of the deposition, should have been allowed. The assignment of error based upon exception to the refusal of this motion is sustained.

The motion to strike out the interplea was addressed to the discretion of the court, and its denial of said motion upon the facts is not reviewable. It did not appear that the action of the notary public, or of counsel for the intervener, which resulted in the denial of plaintiff's right to cross-examine the witness, was in contempt of court, or was prompted by any wrongful or ulterior purpose. *Lumber Co. v. Cottingham,* 168 N. C., 544. On the contrary, such action seems to have been due to an erroneous conception of the duty of the notary public, with respect to the taking of the deposition.

It appears from the testimony of J. C. Willbrand, elicited upon his cross-examination, and from the testimony of other witnesses, whose depositions were taken in behalf of the intervener, that the Central Trust Company received and held the Sorrell note, together with other notes, as collateral security for a note executed by Mrs. Lona Anderson, wife of the president of St. Mary's Oil Engine Company. The proceeds of this note were deposited to the credit, not of Mrs. Anderson, the maker, but of the St. Mary's Oil Engine Company.

If the jury should find from the evidence that the Central Trust Company held the Sorrell note as security, then it was the holder thereof for value only to the extent of its lien. C. S., 3007. It would be the owner only of so much of the funds in the hands of the court as was required to pay the balance due on Mrs. Anderson's note to the bank. The excess would be subject to attachment in this action as the property of defendant, St. Mary's Oil Engine Company, if the Sorrell note was transferred to Central Trust Company by the St. Mary's Oil Engine Company as security for Mrs. Anderson's note. There was evidence that the Sorrell note was assigned by the Oil Engine Company to Mrs. Anderson and by her to the bank as security for her note. There was no evidence, however, that Mrs. Anderson paid anything to the Oil

Engine Company for the Sorrell note, making her a purchaser of the note for value. An inference to the contrary is permissible. There was no evidence from which the jury could find the amount now due to Central Trust Company on the Anderson note.

For error, as appears in this opinion, plaintiffs are entitled to a
New trial.