Nash, J.
 

 In the direction given to the jury by his Honor there was error. The only question submitted to the' jury was, as to the title to the carriage — their
 
 only
 
 en-quiry whether it belonged to Waddill, for if it did not belong to him, his claim to interplead was falsified, andi the plaintiff was entitled, as against him, to a judgment for his costs in contesting it. The argument, which has1 been submitted, to us, may be very satisfactory, to shew that the attachment law needs amendment in this particular ; but it has failed to convince us, that we have the, power to apply the remedy.. The proceedings are under the attachment law of this. State.
 
 Rev. St. ch.
 
 6, the 7th
 
 sec.
 
 points out the mode of proceedings, when property levied on is claimed' by a third' person, the enquiry that is to be submitted to the- j.ury and the judgment that is to be pronounced by the Court. It directs, that the claimant may come in and “ interplead and shall file his petition in writing, setting forth the particular property claimed' and by what right or title he claims the same, and the Court shall order a jury to bo empannelled, t.o enquire in whom the title is of such article or property, as may be so levied on, and the finding of such jury shall be conclusive as to the parties then in Court — and the Court shall adjudge accordingly.” Thomas Waddill by his interplea avers that the title to the carriage was in him, and upon this point and this alone, the plaintiff in. the attachment
 
 *235
 
 tabes issue with him. It is the only question that was, or, under the Act, could be, submitted to the jury. Whatever else they found by their verdict was entirely immaterial. The object of the Act it is said, was to prevent a multiplicity of suits, and that denying to the jury the right at once to assess damages, for the destruction of the property, is to counteract this intention. If such was the object of the Legislature, they have not pointed out how it is to be done, further than by settling the question as to the title between the parties to the record. The only judgment the Court is authorized to pronounce is upon the title, and the costs incurred in bringing the interplea. A rightful verdict is the answer of a jury given to the Court, concerning the matters of fact, committed to their trial and examination. Whatever they find beyond this is impertinent and immaterial and to be rejected. After property is levied on under an attachment, until reple-vied, it is in the hands of the officer — in custody of the law. And when the jury have by their verdict said, it is the property of the plaintiff in the interplea, the Court on motion will make an order upon the officer for its delivery. A disobedience on his part would be a contempt, and punishable by the Court as such. If he has voluntarily parted with it or by his negligence suffered it to be destroyed or injured, he is answerable in damages to the owner.
 

 The presiding Judge erred, in directing the jury to en-quire into the value of the carriage, and the judgment ■for the damages assessed by the jury is reversed ; and the Court, proceeding to give such judgment as the Superior Court ought to have given, doth adjudge that the •carriage claimed by Thomas Waddill is of the proper goods and chattels of the said Waddill, and that he recover his costs expended in this behalf, in the Superior and County Courts, from the plaintiff McLean. The appellant, McLean, is entitled to his costs in this Court.
 

 Pee CuRum. Judgment accordingly.