COTTON MILLS v. WEIL.

(Filed December 23, 1901.)

1. ATTACHMENT—*Intervenor—Interpleader—Burden of Proof.*

In attachment the burden is on the intervenor to establish title to the property.

2. BANKS AND BANKING—*Attachment—Agency—Draft—Negotiable Instruments—Collection.*

Where a bank credited to the drawer the amount of a draft, with the right to charge it off if not collected, the bank becomes only an agent for collection.

3. ATTACHMENT—*Order of Publication—Summons.*

In attachment the plaintiff can not recover an amount in excess of that stated in the summons.

4. ATTACHMENT—*Intervenor—Parties—Trial.*

In attachment an intervenor has no right to interfere in the action between the original parties, he being interested only as to title to the property.

5 TRIAL—*Separate—Practice—Judge.*

In attachment a separate trial for the intervenor is discretionary with the trial judge.

ACTION by Alpine Cotton Mills against Weil Brothers and the Bank of Opelika, intervenor, heard by Judge *E. W. Timberlake* and a jury, at May Term, 1901, of the Superior Court of BURKE County. From the judgment, the plaintiff and intervenor bank appealed.

*E. J. Justice,* and *J. T. Perkins,* for the plaintiff.
*Avery & Erwin,* and *S. J. Erwin,* for the intervenor.

COOK, J.   Weil Brothers shipped to plaintiff fifty bales of cotton, and drew a sight draft upon plaintiff for the value of

the cotton, with bill of lading attached, in favor of appellant, Bank of Opelika.

Weil Brothers and the Bank of Opelika were non-residents of this State, being residents of the State of Alabama, and plaintiff resided at Morganton, in this State. Upon arrival of the cotton in Morganton, and while it was in the possession of the Southern Railway Company, plaintiff instituted an action against Weil Brothers, wherein it claimed that they were liable to it in the sum of $500 on account of damages resulting from a former transaction in the purchase of two hundred bales of cotton, purchased from them, and sued out an attachment against said 50 bales of cotton and caused it to be levied upon the same while in possession of the Southern Railway Company, and caused the summons and warrant of attachment to be served upon said Weil Brothers by publication (as they could not be personally served), wherein they were notified that the amount claimed was $500.

Weil Brothers entered a special appearance before the Clerk of the Superior Court, and moved to dismiss the attachment and set aside the order of publication for irregularities or defects appearing in the affidavit in the proceedings, which motion was overruled by the Clerk, and defendants appealed to the Superior Court.

The Bank of Opelika intervened in the action, claiming title to the cotton by reason of the sight draft with the bill of lading attached. Plaintiff filed its complaint, alleging damage to the amount of $900, and defendant bank (intervenor) filed its answer, setting up title in itself. Upon reaching the case for trial, Weil Brothers again entered a special appearance, and moved to dismiss the action and vacate the attachment proceedings, which motion was overruled, and they decline to enter a general appearance, and did not further defend said action.

Intervenor bank asked a separate trial as to the bank's

title, which was refused by the Court, and it excepted.    This was the first exception.

Upon the trial, the Court submitted the following issues to the jury:

"1. What amount is the plaintiff entitled to recover of defendant firm of Weil Brothers?

"2. Was the cotton attached by plaintiff the property of the Bank of Opelika, intervenor, when attached?"

His Honor instructed the jury that the burden was upon the intervenor to establish title to the property, and that, if they believed the evidence, the bank had failed to establish title in itself, to which the bank excepted.    This is the second exception.

The jury, under the instructions of the Court, answered both issues in favor of the plaintiff; and, upon motion of intervenor for a new trial, the motion was denied and exception taken.    This was the third exception.    The bank appealed. The jury assessed the plaintiff's damages at $657.66.    Thereupon the plaintiff moved for judgment for $657.66 upon the verdict, and his Honor refused to render judgment for that amount, but did render judgment for $500, as calimed in the attachment proceedings and in the summons as published, to which plaintiff excepted and appealed

So this case is heard upon the appeals of plaintiff and intervenor bank, upon their respective exceptions, and we sustain the rulings of his Honor in both appeals.

The service by publication gave the Court jurisdiction over the property attached (and not over the person) to the extent of its value, not exceeding the amount claimed in the publication.    The object of the publication is to inform the defendant of the amount claimed, and that his property within the jurisdiction is sought to be condemned to pay that amount. Being informed by the publication of the amount claimed, and it being true, the defendant might content himself with

the proceedings and allow that amount collected out of his property. For it is expressly required in section 352 of The Code that said publication (of the warrant of attachment and summons) "shall state * * * the amount of the claims." * * *

The intervenor's exeptions can not be sustained; (1) because it was interested in one issue only—"was the cotton attached by plaintiff its property when attached?"—and that issue was submitted. So it was not its right to have a separate trial as to that, unless the Court, in the exercise of its discretion, should so order. *Blair v. Puryear,* 87 N. C., 101; Code, secs. 375 and 331.

(2) and (3) being considered together: Because Weil Brothers having failed to appear and answer, and judgment by default being taken against them for want of an answer, as to them the only issue was the *quantum* of damages. And the intervenor had no right to interfere in the action or remedy between plaintiff and defendant. It was none of its business. *Bank v. Furniture Co.,* 120 N. C., 475.

The bank, being the intervenor and actor, the burden of proving its title to the property levied on was upon it to show the affirmative (*Wallace v. Robeson,* 100 N. C., 206), and if there was no evidence to sustain its title, it was the duty of the Court to so instruct the jury. And the evidence sent up in the record sustains his Honor in so ruling.

The evidence relied upon is that one of the members of the firm of Weil Brothers was a director of the bank, and the firm owed the bank for money advanced in buying cotton. When the shipment of fifty bales was made, Weil Brothers drew on the consignee, the plaintiff, the bill of lading attached to the draft, for the value of the cotton, in favor of the bank. The bank did not cash the draft, nor did it accept the same in settlement of Weil Brothers' indebtedness, or any part thereof, but simply credited them with the amount of the draft (less discount charges for collection) "with the right

on the part of the bank to charge it back to Weil Brothers in case the draft was returned not collected"; and the bank "sent the draft with bill of lading attached for collection to its representative at Baltimore," with "collection" stamped on its face. When payment was refused by the drawee, and the draft returned, it *was charged back* against Weil Brothers. No money passed, nor did Weil Brothers draw against the amount credited, nor could the bank officers remember whether they returned the draft and bill of lading to Weil Brothers, after it was returned to them. The bank intervened in this action upon the request of Weil Brothers for the benefit of Weil Brothers, who were stockholders in the bank. Now, then, it seems clear to us from the evidence of the intervenor that it did not pay anything of value for the draft with bill of lading attached, and did not become the owner of the same. Its possession was that of an agent to collect, and, when the draft was returned, the credit originally entered was cancelled by charging it back, thus placing the parties in the same position that they originally occupied; and Weil Brothers then had a right to demand and maintain an action against the bank for the bill of lading and return of its draft.

The principle herein involved is fully discussed and settled in *Packing Co. v. Davis,* 118 N. C., 548, and *Boykin v. Bank, Ibid,* 566.

There being no error, the judgment below is
Affirmed.