Action commenced before a justice of the peace and brought by appeal to the Superior Court.
The action was brought by the plaintiff to recover judgment upon two notes of the Mutual Registry Life Insurance Company of the denominations of $185 and $65, which notes were indorsed by the codefendants. There was a verdict and judgment against the Carolina Mutual Insurance Company only, for the sum of $165, with interest from 28 October, 1907. The said defendant appealed.
The facts are sufficiently stated in the opinion of the Court by Mr. JUSTICE BROWN.
The plaintiff introduced testimony tending to prove that some time in 1907 the Mutual Registry Life Insurance Company, a corporation, sold its entire business to the defendant, the Carolina Insurance Company; that at the time the defendant company took over the business of the Mutual the plaintiff held two notes of the Mutual Registry Life Insurance Company in the sums of $185 and $65.
It is contended by the plaintiff that as a part of the transaction between the two companies the defendant company assumed the payment of these notes. An inspection of the record discloses that all of the evidence introduced for the plaintiff, as well as the defendant, establishes that the contract between the two companies was wholly in writing and dated 26 March, 1908, and was put in evdence [evidence] by the defendant.
It is true that Waddy, a witness for the plaintiff, upon examination in chief, said that the defendant company assumed the liabilities of the *Page 163 
Mutual and agreed to pay the notes in question. But upon cross-examination the witness materially qualifies his testimony in chief, admits that the contract between the two companies was in writing, and states that he was not present when any contract between the two companies was made. He states that he did not see the written contract, but understood that there was one. Upon being questioned by the court as to how he knew that the defendant assumed the debts, the witness (202) does not undertake to say, but states that he was not present when the contract was signed.
The witness Ellington, president of the plaintiff bank, states that Waddy, Newby, and others, representing the defendant company, came to the bank and said that the manager of the defendant was there and that he was to take over their assets and liabilities.
It also appears from the testimony of Ellington upon cross-examination that they came in the bank with this paper with them, evidently the contract of 26 March, entered into between the two companies, thus fixing Ellington, the president of the plaintiff bank, with notice that the contract between the two companies was in writing.
The contract between the two companies does not purport to be unconditional assumption of the debts of the Mutual Company, but, on the contrary, it provides for only partial payment, in these words: "and the said Carolina Mutual agrees to allow said Mutual Registry Life Insurance Company 25 per cent of the gross earnings derived from policyholders as premium on same, and that the said 25 per cent be applied on the two notes made and indorsed by the said Mutual Registry Life Insurance Company to the Greensboro National Bank of the city of Greensboro, each month, and that said sum be paid direct to said bank, and that a written report, showing such gross earnings, be sent to the proper officer of said Mutual Registry Life Insurance Company, and that said Carolina Mutual agrees that such 25 per cent be continued for a period of twelve (12) months; and it is further agreed that all policyholders of said Mutual Registry Life Insurance Company be fully reinstated from the date hereof and such amount arising therefrom as premiums be also applied as is herein stated."
It is further contended that Powell, the manager of the defendant company, stated "that he would assume the liabilities, and that Powell conducted negotiations for the Carolina Mutual Life Insurance Company."
It may be that Powell personally undertook to assume these (203) particular liabilities of the Mutual Company, himself; but there is not a shred of evidence that he had any authority to assume them on behalf of his company. *Page 164 
The contract between the two companies, as we have already shown, was in writing, and the rights and liabilities of the two insurance companies under it were already well defined, and there is nothing to show that Powell was authorized in any way to change them. If Powell had any such authority, the burden of proof would be upon the plaintiff to show it. 31 Cyc., page 1644, and cases cited.
While the plaintiff is not entitled to recover upon the notes sued on, upon the ground that they have been unconditionally assumed by the defendant, by proper amendment to the pleadings the plaintiff may call upon the defendant to account for such sums as it has collected under the contract, and have the same applied to the payment of the notes.
New trial.