### J. W. MANGUM v. MUTUAL GRAIN COMPANY, INC.

(Filed 11 October, 1922.)

1. **Bills and Notes—Negotiable Instruments—Drafts—Intervener—Title —Burden of Proof.**

   An intervener claiming the proceeds of a draft attached in the plaintiff's action, in order to recover, must make out his claim and show title to the property attached.

2. **Same—Banks and Banking—Holder in Due Course—Prima Facie Case.**

   Where it is shown that the draft, the subject of plaintiff's attachment, had been duly executed, made payable to the intervener and in its possession, it raises the presumption that the intervener became a holder in due course; and with the other evidence in this case: *Held*, sufficient to establish a *prima facie* case of the intervener's bona fide ownership and to leave the issue for the jury to determine, under a proper instruction.

3. **Same—Depositors—Instructions—Agency for Collection.**

   The plaintiff attached the proceeds of a draft in the hands of a local bank for a debt against the defendant nonresident drawer, which had been sent by the intervener bank where the defendant deposited. The evidence raised the question as to whether the intervener was a purchaser in due course or merely received the draft for collection. The draft was endorsed to the intervener bank, and there was evidence that it had no authority to charge it back to the drawer, if unpaid, but was taken with other collateral for the defendant's debt to it under a plan for substituting securities, etc.: *Held*, it was correct to charge the jury that if the intervener bank was a purchaser for value without notice, it became *prima facie* the owner; but if by express agreement or one implied from the course of dealing, the intervener had a right to charge back the draft to the depositor, if unpaid, it was an agency for collection.

APPEAL by intervener from *Devin, J.,* at April Term, 1922, of WAKE.

Plaintiff, a citizen of this State, having a cause of action against the Mutual Grain Company, a foreign corporation, instituted this suit in the Superior Court of Wake County and sought to obtain service by attaching the proceeds of a certain draft in the hands of the Bank of Wake, Wake Forest, N. C., it being alleged that said funds belonged to the defendant.

Thereafter, at the December Term, 1920, the Merchants National Bank of Richmond, Va., was allowed to intervene and to set up its claim of title to the proceeds of said draft.

Upon the issue thus raised, there was a verdict and judgment in favor of the plaintiff. The intervener appealed.

*John G. Mills and Charles U. Harris for plaintiff.*
*N. Y. Gulley for intervener.*

STACY, J. Appellant excepts because his Honor instructed the jury that the burden was on the intervener to make out its claim and to show title to the property attached. We find no error in this instruction. *Moon v. Milling Co.,* 176 N. C., 410. But when it was shown that the draft, with bill of lading attached, was duly executed and in the possession of the intervener, made payable to its order, the presumption arose that it was a holder in due course. C. S., 3040; *Mfg. Co. v. Tierney,* 133 N. C., 635, and cases there cited.

There was further evidence tending to show that the bank was the holder and purchaser of the draft for value, without notice of any defenses or equities. This was sufficient to establish, *prima facie,* a case of bona fide ownership; and intervener was entitled to have the jury so instructed. 1 Dan. on Neg. Inst., sec. 812.

On the other hand, the plaintiff contended that the intervener was not a purchaser of the draft for value, but held the same merely as collecting agent for the defendant Mutual Grain Company. *Feed Co. v. Feed Co.,* 182 N. C., 690. Touching this phase of the case, the material evidence was as follows: On 31 July, 1920, the Mutual Grain Company borrowed $1,909.10 from the Merchants National Bank of Richmond, Va., executing a demand note therefor, and giving to the bank, at the same time, as collateral security to said note, an equal amount in drafts, including a draft on the plaintiff for $1,185. This was sent to the Bank of Wake, Wake Forest, N. C., and paid by the plaintiff. Immediately thereafter this suit was instituted, and the proceeds of said draft attached in the hands of the Bank of Wake. W. F. Augustine, witness for the intervener, testified: "We took these drafts as collateral to secure this debt, and sent them down to the Bank of Wake, Wake Forest,

North Carolina, for collection, under our collection No. 8061." He
further said: "We considered the item our property, and did not feel
that we had a right to charge it back against the account of the Mutual
Grain Company." On the face of the demand note above mentioned, in
addition to the power to sell in case of default, appears the following
stipulation in regard to the manner in which the Merchants National
Bank of Richmond, Va., was to hold the said collateral drafts: "With
authority to use, transfer, or hypothecate said collateral; it being
required, on payment or tender at maturity of above amount, that the
holder hereof shall return an equal quantity of said securities, and not
the specific security deposited."

In the light of this evidence, his Honor charged the jury as follows:
"Now, there is this rule of law, that where a bank takes a draft for
value and without notice, it becomes, *prima facie,* the owner; but where
there is an agreement between the bank and the person from whom the
draft is acquired that the bank shall have the right to charge back the
amount, if the draft is not paid, by express agreement, or one implied
from the course of dealing, and not by reason of liability as drawer, the
bank is an agent for collection and not a purchaser." This charge was
correct and fully supported by the evidence. *Brooks v. Mill Co.,* 182
N. C., 258, and *Moon v. Milling Co., supra.* The case seems to have
been tried in substantial conformity to our decisions on the subject, and
we must affirm the judgment.

No error.