### J. P. TEMPLE v. H. LABERGE.

(Filed 25 October, 1922.)

1. **Courts—Attachments—Amendments of Warrant—Process—Service—Statutes.**

    A warrant of attachment served by the sheriff of the county and addressed to "any constable or other lawful officer of the county," may be allowed by the court to be amended to conform to the statutory requirement. C. S., 547.

2. **Interpleader—Title—Parties—Merits—Right of Interpleader—Appeal and Error.**

    An intervener, claiming title to the funds in litigation, is only interested in the question of title as it affects his claim, and cannot be prejudiced upon the refusal of the court to permit him to interfere in the matter in litigation as it affects only the rights of the original parties.

3. **Banks and Banking—Interpleader—Drafts—Burden of Proof—Agency for Collection—Questions of Law—Trials.**

    Where the proceeds of a draft have been attached in the hands of a local bank, a forwarding bank that intervenes and claims independent title has the burden of proof of its right to the fund; and where the draft has not thereon been endorsed to it, and there is no evidence in its behalf to show that it had not reserved the right to charge it against the drawer's account, if returned unpaid, but only a conclusion of law to that effect testified to by an officer of the intervener, a judgment against it by the trial judge, as a matter of law, will be upheld on appeal, upon the principle that the intervening bank has not disproved it was an agency for collection only.

STACY, J., did not sit.

APPEAL by intervener and garnishees from *Cranmer, J.,* at April Term, 1922, of NEW HANOVER.

The facts are stated in the opinion.

*J. O. Carr and L. J. Poisson for plaintiff.*
*Wright & Stevens for intervener and garnishee.*

ADAMS, J. The plaintiff prosecutes this action to recover damages for breach of contract. He alleges that he and the defendant entered into a contract by the terms of which the defendant was to sell at sundry dates certain cars of hay at an agreed price; that the defendant knew that the purchase was made with a view to a resale of the hay at a profit; that the defendant shipped only a part of the hay ordered by the plaintiff, and thereby failed to comply with the terms of his contract, in consequence of which the plaintiff suffered loss. The defendant, who was a resident of the Dominion of Canada, filed no answer. Service of

process was made on him by publication and a warrant was issued under which certain funds in possession of the Murchison National Bank and the Citizens Bank and Trust Company were attached. These funds were alleged to be the property of the defendant. Each of the banks filed an answer denying that it held any funds of the defendant, and alleged that the money referred to was subject to the order of La Banque Nationale of Valleyfield, Province of Quebec. This bank intervened in the cause, and claimed the funds referred to, and upon the trial introduced evidence in support of its claim. At the close of the evidence, his Honor held that La Banque Nationale was not entitled to recover the funds in question as intervener, and submitted an issue to the jury in response to which they found the defendant indebted to the plaintiff in the sum of $4,572.25. Judgment was thereupon rendered for the plaintiff in the sum of $2,836.81, the amount of the funds attached, and the intervener and the garnishee appealed.

The garnishee moved to dismiss the action on the ground that the warrant of attachment, which was issued from the Superior Court, was addressed to "any constable or other lawful officer of said county." In *Carson v. Woodrow,* 160 N. C., 144, it is held that the remedy by attachment is special and extraordinary, and that the statutory provisions for it must be strictly construed, and cannot have force in cases not plainly within their terms. There the warrant of attachment was served by a constable of one of the townships of Edgecombe County, and the Court concluded that the writ of attachment and the seizure of the property under it were invalid. But in the case at bar the warrant was served by the sheriff, and on motion the court permitted an amendment, changing the address of the warrant to "the sheriff or other lawful officer of New Hanover County." The service having been made by the proper officer, and the court having permitted the amendment, the warrant of attachment and the seizure of the property thereunder are not invalid merely because the warrant was originally addressed to "any constable" and not to the sheriff. C. S., 547; *Page v. McDonald,* 159 N. C., 40.

We see no just ground for the intervener's exception to its exclusion from participating in the trial on the merits of the plaintiff's claim against the defendant. If the intervening bank was not the owner of the funds in question, upon what principle should it be permitted to interfere with litigation between the original parties to the suit? The only issue in which it had any legal interest was that of title to the funds attached. In *Dawson v. Thigpen,* 137 N. C., 468, it is said: "It is well settled that in an action involving the title to property an interpleader is restricted to the issue as to his title or claim to the property, and cannot raise or litigate questions or rights which do not

affect such titles. *McLean v. Douglass,* 28 N. C., 233. He does not, speaking with accuracy, become a party to the action in the same sense and with the same status as the original parties, or those made so pending the action either by the court *ex mero motu* or upon application." *Bank v. Furniture Co.,* 120 N. C., 477; *Mfg. Co. v. Tierney,* 133 N. C., 638; *Blair v. Puryear,* 87 N. C., 102; *Cotton Mills v. Weil,* 129 N. C., 455.

We are likewise of the opinion that his Honor was correct in holding upon all the evidence that the intervener was not entitled to recover the funds in controversy. The drafts were not endorsed, and the intervening bank carried the burden of showing by the greater weight of the evidence that it had title to the attached property.

The manager testified, it is true, that La Banque Nationale is the sole owner of the drafts, and if they were paid the amount would go to the bank and not to the defendant; but the first statement is in the nature of a legal conclusion, and evidently the defendant may be charged back with the amount of the drafts, although the money attached is not recovered. Indeed, the evidence in its entirety seems to be susceptible of only one construction—that is, that the drafts were discounted in the regular course of business for the benefit of the defendant with the right to charge back to him any amount not recovered by the discounting bank. There is no evidence that the defendant was to be held liable by reason of his indorsement of the drafts, for they were not indorsed. The principle applicable is stated as follows: "The rule prevails with us, and it is supported by the weight of authority elsewhere, that if a bank discounts a paper and places the amount, less the discount, to the credit of the indorser, with the right to check on it, and reserves the right to charge back the amount if the paper is not paid, by express agreement or one implied from the course of dealing, and not by reason of liability on the indorsement, the bank is an agent for collection and not a purchaser. *Packing Co. v. Davis,* 118 N. C., 548; *Cotton Mills v. Weil,* 129 N. C., 452; *Davis v. Lumber Co.,* 130 N. C., 176, and *Bank v. Exum,* 163 N. C., 202." *Worth Co. v. Feed Co.,* 172 N. C., 342.

We find no error that entitles the intervening bank or the garnishee to a new trial.

No error.

STACY, J., not sitting.