BANK OF SPRUCE PINE v. BOONE FORK MANUFACTURING
COMPANY ET AL.

(Filed 20 December, 1923.)

**Corporations—Officers—Declarations—Evidence—Prejudicial Error—Appeal and Error.**

Declarations of an officer of a corporation that took over the assets of another corporation, that his company had assumed its liabilities also, are incompetent in an action to recover upon a note given plaintiff by the absorbed corporation, when not made in the declarant's line of official duty, or while not discharging it in reference to a transaction for the company.

APPEAL by defendant, Boone Fork Manufacturing Company, from *Ray, J.,* at April Term, 1923, of MITCHELL.

Civil action to recover upon the following promissory notes:

$4,000.   ELIZABETHTON, TENN., July 6, 1921.

Two months after date, we promise to pay to the order of W. S. Whiting four thousand dollars at the Citizens Bank of Burnsville, N. C., without defalcation, for value received.

ELIZABETHTON FLOORING COMPANY,
By G. W. Renfro, Asst. Treasurer.

Endorsed on back by W. S. Whiting.

$3,000.   ELIZABETHTON, TENN., August 7, 1921.

One month after date, we promise to pay to the order of W. S. Whiting three thousand dollars at the Citizens Bank of Burnsville, N. C., without defalcation, for value received.

ELIZABETHTON FLOORING COMPANY,
By G. W. Renfro, Asst. Treasurer.

Endorsed on back by W. S. Whiting.

Plaintiff alleges that it is the holder in due course of these notes, same having been purchased for value and before maturity, and that the defendant, Boone Fork Manufacturing Company, is liable for their payment.

From a verdict and judgment in favor of plaintiff, the Boone Fork Manufacturing Company appeals, assigning errors.

*Chas. E. Green, G. F. Washburn, and Watson, Hudgins, Watson & Fants for plaintiff.*
*Francis J. Heazel for defendant.*

STACY, J.  This is a civil action brought by the Bank of Spruce Pine to recover on two notes executed by the Elizabethton Flooring Company (hereafter called the Flooring Company) to W. S. Whiting, duly endorsed by him and negotiated to the plaintiff for value and before maturity.  It is alleged that, after the execution of the notes above set out, the Boone Fork Manufacturing Company (hereafter called the Manufacturing Company) took over all the assets of the Flooring Company, and agreed to assume its liabilities and to pay its debts, including the two notes held by plaintiff, and that, therefore, the Manufacturing Company is indebted to the plaintiff in the amount of said notes.

The defendant, Manufacturing Company, admitted in its answer that it had taken over the assets of the Flooring Company, alleging that it paid full value therefor, but denied that it had assumed or agreed to pay the indebtedness of the latter company or the notes held by the plaintiff, and further denied that it was indebted to the plaintiff in any sum whatever.

The agreement, setting out the terms and conditions under which the Manufacturing Company acquired the assets of the Flooring Company, was wholly in writing and the same was produced on the hearing, at the instance and notice of the plaintiff, and offered in evidence by the defendants.  This contract does not show that the Manufacturing Company assumed all the debts of the Flooring Company, nor that it agreed to pay the notes held by plaintiff.

For its right to recover against the Manufacturing Company, plaintiff relies upon the following oral testimony of T. R. Byrd, J. M. Burleson and D. M. Green, all of which was admitted over objection of the appealing defendant:

1. Byrd was permitted to testify that, on several occasions after the transfer of the property of the Flooring Company to the Manufacturing Company, W. S. Whiting, president of both companies, told him the Manufacturing Company was assuming the debts of the Flooring Company.

2. Burleson was permitted to testify that, some time after the transfer was made, W. S. Whiting told him the Manufacturing Company had assumed the obligations of the Flooring Company.

3. Green was permitted to testify that W. S. Whiting told him the Manufacturing Company was taking over all the assets of the Flooring Company and assuming its liabilities.  The record does not disclose at what time this statement was made.

We think this evidence was incompetent as against the Manufacturing Company, considering the manner and form in which it was offered, and that it was prejudicial.  *Bank v. Ins. Co.*, 159 N. C., 200.

Plaintiff failed to lay any proper basis for its admission. *Rumbough v. Imp. Co.,* 112 N. C., 751; 31 Cyc., 1644. "It is well settled that the declarations of officers of a corporation are competent only when made in line of declarant's official duty and while discharging it in reference to a transaction for the company." *Brown, J.,* in *Younce v. Lbr. Co.,* 155 N. C., 239. It nowhere appears that these statements, attributed to W. S. Whiting, were made by him in the line of his official duty as president of the Manufacturing Company and while he was discharging such duty in reference to a transaction for the company.

The case seems to have been tried upon the assumption that the complaint contained an allegation of fraud, but we do not find any allegation of this kind.

For the error, in the admission of evidence as stated, there must be a new trial, and it is so ordered.

New trial.