MRS. E. G. ARNOLD v. WACHOVIA BANK AND TRUST COMPANY.

(Filed 21 March, 1928.)

**Banks and Banking—When Bank Is Collecting Agent—Rights of Depositor and Bank in Course of Collection.**

When a bank receives a check from its depositor for collection which is paid by the drawee, and the bank through which it has been paid in due course of collection and remittance has charged the amount to the account of the initial bank, which has since become insolvent, the agency for collection ceases upon the payment of the check and its acquisition by the bank to whom the initial bank had forwarded it, it thus becoming a purchaser for value in due course, without notice of any infirmity in the instrument, and the depositor under her unrestricted endorsement has recourse only against the bank in which she had thus deposited the check.

STACY, C. J., dissenting on the ground that a judgment as of nonsuit should not have been entered under the facts of this case.

APPEAL by plaintiff from *Grady, J.,* at November Term, 1927, of LEE. Affirmed.

Action to recover of defendant the proceeds of a draft, payable to and endorsed by plaintiff, and received, in due course of business, by defendant from the Banking, Loan and Trust Company of Jonesboro, N. C., for collection and credit to the account of said Trust Company. The amount of the draft was credited by defendant to the account of said Trust Company, and was thereafter presented to and paid by the drawee.

Plaintiff alleges that defendant collected said draft as her agent, and has wrongfully and unlawfully refused to pay to her, upon demand, its proceeds. This allegation is denied by defendant. Defendant alleges that it was the purchaser of said draft, for value and without notice, and is, therefore, not liable to plaintiff for its proceeds, or for any part thereof.

At the close of the evidence offered by plaintiff, defendant moved for judgment as of nonsuit. Motion allowed. From judgment dismissing the action plaintiff appealed to the Supreme Court.

*Gavin & Teague and Hoyle & Hoyle for plaintiff.*
*Manly, Hendren & Womble and Seawell & McPherson for defendant.*

CONNOR, J.   The evidence offered by the plaintiff tended to show the facts to be as follows:

On 30 December, 1926, plaintiff, who resides at or near Jonesboro, N. C., deposited with the Banking, Loan and Trust Company of Jonesboro, a draft for the sum of $4,000, payable to her order, and drawn on the Continental Fire Insurance Company of New York City.   This draft was received by plaintiff in payment of loss sustained by her by the burning of a house which was insured by a policy issued by said Fire Insurance Company.   Plaintiff, as payee of the draft, first endorsed the same without restriction, as follows: "Mrs. E. G. Arnold."   The amount of the draft was entered upon the books of the ·Trust Company at the request of plaintiff, to the credit of "Mrs. E. G. Arnold, Special Account."   ·This credit was entered and given to plaintiff subject, however, to the payment of the draft by the drawee.   At the time of the deposit, plaintiff had a checking account with said Trust Company.   No checks have been drawn by plaintiff upon the special account, nor have any charges been made by the Trust Company to said account.

On the same day on which the draft was deposited with it, to wit, 30 December, 1926, the Banking, Loan and Trust Company of Jonesboro forwarded same to the defendant, Wachovia Bank and Trust Company, at Winston-Salem, N. C., for collection and credit to its account.   The draft, bearing the endorsement of the payee, Mrs. E. G. Arnold, and of the Banking, Loan and Trust Company, of Jonesboro, was received by defendant on 31 December, 1926, and its amount credited to the account of said Trust Company.   This account was subject to checks drawn by the Trust Company on defendant.   The draft was forwarded in due course of business by defendant to its correspondent bank in New York City, and upon presentment to the drawee was duly paid on 4 January, 1927.   If the draft had not been paid by the drawee, the account of the Trust Company with defendant would have been charged with the amount, pursuant to special contract between Trust Company and defendant, in accordance with which their business with each other was conducted.

On 8 January, 1926, the Banking, Loan and Trust Company of Jonesboro ceased to do business.   It was adjudged insolvent; a receiver was appointed, who has taken over its assets.   Between 30 December, 1926, the date on which the draft was forwarded by said Trust Company to defendant, and 8 January, 1927, the date on which it ceased to do business, because of its insolvency, the books of the Trust Company showed that it had to its credit with defendant, continuously, a sum

in excess of $4,000. This credit included the proceeds of the draft collected by defendant. However, prior to 30 December, 1926, pursuant to its arrangement with defendant, the said Trust Company had from time to time forwarded checks and other items to defendant for collection and credit to its account, and had, from time to time, drawn checks on said account, which had been paid by defendant. Checks and other items credited to said account, if not paid, were chargeable to said account. Monthly statements were rendered by defendant to the said Trust Company, showing the state of the account.

In *Sugg v. Engine Co.*, 193 N. C., 814, this Court quoted, with approval, the rule stated by *Allen, J.*, in *Worth v. Feed Co.*, 172 N. C., 335, as follows: "The rule prevails with us, and it is supported by the weight of authority elsewhere, that if a bank discounts a paper, and places the amount, less the discount, to the credit of the endorser, with the right to check on it, and reserves the right to charge back the amount if the paper is not paid, by express agreement, or one implied from the course of dealing, and not by reason of liability on the endorsement, the bank is an agent for collection, and not a purchaser."

This rule, however, is not applicable in the instant case. Plaintiff alleges in her complaint that defendant collected the sum of $4,000 on the draft, which it received from the Banking, Loan and Trust Company of Jonesboro, bearing the unrestricted endorsement of plaintiff as payee. This allegation is admitted in defendant's answer. The evidence offered by plaintiff shows that the draft was paid.

The liability of the Trust Company to plaintiff, and of defendant to the Trust Company, after the payment of the draft, became absolute. Neither the Trust Company by reason of its special agreement with plaintiff, nor the defendant, by reason of its special agreement with the Trust Company, had the right, after the draft had been paid by the drawee and collected by them, to charge the amount of the draft to the account of its respective depositor. The draft having been paid, neither of these special agreements can be held to determine the rights and liabilities of the parties to this action with respect to the proceeds of the drafts. These agreements were effective only in the event the draft was not paid by the drawee, and determined the rights of the parties to the draft, prior to its final payment to defendant, in one case, and to the Trust Company in the other.

Conceding that until the payment of the draft by the drawee, and its collection by the defendant, the relation between the Trust Company and the defendant, with respect to the draft, was that of principal and agent, for collection, it is clear, we think, that after the payment and collection of the draft, and after its proceeds had been absolutely cred-

ited to the Trust Company by the defendant, this relation ceased to exist. The relation between them, with respect to the proceeds of the draft was that of creditor and debtor, or of depositor and banker. No notice was given by plaintiff herein to defendant that she claimed to be entitled to the proceeds of the draft, as against the defendant, until 28 February, 1927, more than a month after the Trust Company had ceased to do business, by reason of its insolvency. From the date of her deposit of the draft with the Trust Company to the date of its insolvency, plaintiff had a credit with the Trust Company which was subject to her check. If the draft had not been paid by the drawee and collected by the Trust Company, in the absence of negligence on its part with respect to its collection, the said Trust Company had the right, by reason of its special agreement with plaintiff, to charge her account with the amount of the draft; she would also have been liable to the Trust Company, in that event, by reason of her unrestricted endorsement of the draft. Her liability to the Trust Company ceased after it had collected the draft. This it did, when under its arrangement with defendant, the proceeds of the draft was credited to its account by defendants. Plaintiff is now a creditor of the Banking, Loan and Trust Company of Jonesboro, which is alone liable to her, as a depositor, for the amount of the draft.

Defendant, having received the draft from the Trust Company, who was the holder thereof by the unrestricted endorsement of plaintiff, as payee, without notice of equities, if any, of plaintiff as against the Trust Company, her endorsee, by reason of the credit on its books to the special account of plaintiff, or by reason of the special agreement that if the draft was not paid and collected, it should be charged back to said account, and having paid value for the draft by crediting its amount to the account of the Trust Company, became the holder of the draft in due course, as against the plaintiff, and cannot be held liable to her for its proceeds. The draft having been paid by the drawee, and its proceeds collected by the defendant, its liability to the Trust Company, by reason of its contract became that of a debtor, and not a collecting agent. See *Samuel Blacher v. National Bank of Baltimore* (Md. Ct. of App.), 135 .Atl., 383, reported and annotated in 49 A. L. R., 1366. The fact that defendant collected the draft in the instant case, and thereby fully performed its duty as a collecting agency, and credited the account of its depositor, the Banking, Loan and Trust Company of Jonesboro, with its proceeds, distinguishes this case from *Malloy v. Fed. Res. Bank,* 281 Fed., 997. Defendant must now account to the said Trust Company or its receiver for the proceeds of the draft, and not to plaintiff, who by her unrestricted endorsement of the draft, negotiated it to the Trust

ARNOLD *v.* TRUST CO.

Company, who in turn negotiated it, by like endorsement to defendant, who thus became the holder, without notice of equities, and subsequently for value.

There is no error in the judgment dismissing the action as upon nonsuit. The judgment is

Affirmed.

STACY, C. J., dissenting: It seems to me that the rule with respect to considering the evidence in its most favorable light for the plaintiff, on a motion to nonsuit, has been reversed in this case, and that the more favorable inferences to be drawn therefrom have been given to the defendant.

There is evidence on the record tending to show that the Banking, Loan and Trust Company of Jonesboro (hereafter called the Jonesboro Bank), on 30 December, 1926, took the draft in question for collection as agent of the plaintiff, and forwarded the same to the Wachovia Bank and Trust Company (hereafter called the Wachovia Bank) at Winston-Salem, N. C., for collection, or "for collection and credit." The evidence further shows that the Wachovia Bank accepted said draft simply as agent "for collection" (R., p. 10), and in acknowledging receipt thereof denominated itself as such agent in the following language:

"(1) Items drawn on this bank not good at the close of business day may be charged back to depositors; (2) Items received for collection or credit and not drawn on this bank are taken at depositor's risk, and should the same be lost or should no returns be received within a reasonable time, such items may be charged back to depositor; (3) Items may be sent direct to bank upon which they are drawn or at which payable, or to or through collecting agents, for collection and remittance, and collecting agents shall have the right to send items direct to bank on which drawn or at which payable; (4) This bank and collecting agents may accept either cash or draft in payment of such items and will not be liable for failure to collect drafts so received; (5) Each collecting agent is the agent of depositor, but no agent shall be liable for any loss growing out of the neglect, default or failure of another agent; (6) Should any item be not paid or any agent fail to remit proceeds therefor, this bank may charge the item back to the depositor. Delivery to the bank of items for collection or credit shall constitute acceptance of the above conditions by the depositor, in the absence of written notice to the contrary at the time."

Under this evidence, as I understand it, the jury might well find, and would be fully warranted in finding, that no beneficial title to the draft in question ever passed to the Jonesboro Bank or to the Wachovia Bank.

It has been the insistent holding with us that as to whether a bank becomes a purchaser for value of a negotiable instrument, check or draft, or takes it as an agent for collection only, rests fundamentally in intent, and this is primarily a question of fact to be determined by the jury where the evidence is equivocal or susceptible to more than one inference. *Bank v. Rochamora,* 193 N. C., 1, 136 S. E., 259; *Finance Co. v. Mills Co.,* 187 N. C., 233, 121 S. E., 439; *Sterling Mills v. Saginaw Milling Co.,* 184 N. C., 461, 114 S. E., 756; *Temple v. LaBerge,* 184 N. C., 252, 114 S. E., 166; *Mangum v. Grain Co.,* 184 N. C., 181, 114 S. E., 2; *Moon-Taylor Co. v. Gray-Smith Mill Co.,* 176 N. C., 407, 97 S. E., 213; *Worth Co. v. Feed Co.,* 172 N. C., 335, 90 S. E., 295; *Bank v. Exum,* 163 N. C., 199, 79 S. E., 498; *Latham v. Spragins,* 162 N. C., 404, 78 S. E., 282; *Davis v. Lumber Co.,* 130 N. C., 174, 41 S. E., 95; *Cotton Mills v. Weil,* 129 N. C., 452, 40 S. E., 218; Note, 42 A. L. R., 492.

But it is stated in the Court's opinion that this principle is not applicable to the facts of the present case. Why not? If the proceeds of the draft in question had been attached in New York as the property of the plaintiff, the Wachovia Bank, being an agent for collection only, as appears from its acknowledgment of said draft, would have been relieved entirely from responsibility. When did the Wachovia Bank cease to be an agent for collection and become a purchaser for value of this draft? I do not think the record answers in such way as to warrant a dismissal of the action. It assumed responsibility as an agent for collection only, but having collected, it now claims the right to use said funds as an offset against its liability to the Jonesboro Bank, and this claim is upheld. Unless we are prepared to overrule the decisions above cited, and many others of like tenor, nothing else appearing, I think the plaintiff is entitled to have the case submitted to a jury.