PERRY A. WEEKS v. GURNEY P. HOOD, COMMISSIONER OF BANKS, ET AL.

(Filed 22 January, 1936.)

**Banks and Banking H e—Depositor held not entitled to preference under facts of this case.**

A depositor deposited with a bank as collecting agent checks drawn on banks in other states. The checks were collected in due course from the drawee banks and final credit given the bank of deposit the day before it restricted withdrawals to 5 per cent of deposits under an emergency statute. *Held:* The relation of debtor and creditor existed between the bank of deposit and the depositor on the day the bank went on a 5 per cent restricted basis, and upon the bank's subsequent liquidation, the depositor is not entitled to a preference in its assets.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Moore, Special Judge,* at April Term, 1935, of EDGECOMBE.

Civil action to establish preference, or priority of plaintiff's claim to funds in the hands of liquidating agent of insolvent bank.

The facts are these:

1. On 25 February, 1933, the plaintiff deposited with the Tarboro unit of the North Carolina Bank and Trust Company "for collection and credit" two checks, amounting to $2,836.99, "subject to final payment in cash or solvent credits," as shown by deposit slip, one drawn upon the National State Bank, Newark, N. J., and the other upon the First National Bank, Binghamton, N. Y.

2. These checks were paid by the drawee banks and final credit was given to the North Carolina Bank and Trust Company by its corre-

sponding bank, the State-Planters Bank, Richmond, Va., on 2 March, 1933.

3. On 3 March, 1933, the North Carolina Bank and Trust Company went on a 5 per cent restricted basis, and later was placed in liquidation.

4. The plaintiff drew out 5 per cent of his account, including the checks above mentioned, between 3 March and 9 March, 1933. On 20 May, 1933, the plaintiff received a dividend of 12 per cent, or $308.90, from the liquidating agent.

The court, being of opinion that plaintiff was not entitled to a preference, entered judgment of nonsuit, from which he appeals, assigning error.

*H. H. Philips* for plaintiff.
*Gilliam & Bond* for defendants.

STACY, C. J. That the relation of creditor and debtor existed between the plaintiff and the North Carolina Bank and Trust Company at the time of the latter's closing is clearly established by what was said in *Arnold v. Trust Co.,* 195 N. C., 345, 142 S. E., 217. See, also, *Bank v. Bank,* 197 N. C., 526, 150 S. E., 34.

The case of *Textile Corp. v. Hood, Comr.,* 206 N. C., 782, 175 S. E., 151, cited and relied upon by plaintiff, is distinguishable by reason of different fact situations.

The judgment denying priority of plaintiff's claim is correct.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.